Battle, J.
 

 We have considered attentively every error assigned and now relied upon in tbe defendant’s bill of exceptions. One .of them we bold to be sufficient to entitle him to a new trial, and as tbe .others are of such a nature that they can be easily removed on tbe next trial, we bav,e deemed it unnecessary to decide them.
 

 Tbe material part of tbe second exception, brought to our attention in tbe argument here, is, that where the cause was called for trial at tbe Spring Term, 1853, of the Superior Court of Law for tbe County of Richmond, it was continued as upon affidavit of tbe .Solicitor, who stated in tbe presence and bearing of tbe witness McKimmon, that John Blake, who was absent, was a material witness for tbe State, .and would prove that be was one .of tbe company, who .agreed to commit tbe burglary charged; that be started with them on the night it was committed, .and was not present at its commission in consequence of bis intoxication; this information tbe Solicitor stated, that he had derived from McKimmon. On bis examination, in chief, McKim-
 
 *178
 
 tnon having stated, that Blake, who had been subsequently indicted for the same offence, was present,, aiding and assisting the prisoner. A witness was offered to prove the above-toenfione'd facts, for the purpose of showing inconsistent statements, and thereby discrediting him. The testimony was rejected, and, as we think, rejected improperly.
 

 There can be no doubt, that a declaration made in the presence and hearing of a witness, and not contradicted by him, is proper to be submitted to the jury, that he acquiesced in and admitted the truth of such declarations, and if at variance Avith his testimony on the trial, may bo used to impeach his credibility. If this proposition requires an authority, the case of Radford v. Rice, 2 Dev. & Bat. 39, is a direct adjudication of this Court in support of it. It would seem to be a reasonable modification of this rule, that the declaration must be made at a time and under circumstances, when it is proper for the witness to speak out and contradict the statement, if he does not admit its truth. Hence, if the statement were made by a counsel in the argument of a cause, or a Judge iu his charge to the jury, the witness should not perhaps be taken to acquiesce in its truth, by remaining silent; see Moffit v. Witherspoon, 10 Ired. 185. But this modification of the rule, if admitted at all, could not apply to the ease before us. The Solicitor was making a statement of facts as derived from McKimmon, and in his presence, for the purpose of inducing the Court to continue the cause. If that statement tvere incorrect in any material particular, the witness was not only at liberty, but it was his duty, to correct it, by speaking to the Court either through his Solicitor or otherwise. His silence, under the circumstances, made the statement his own, just as much as if he had spoken it himself. But it is contended here by the Attorney General, that the testimony Ayas properly rejected by the Court, because the-nreliminary question, as it is called, had not been put te
 
 *179
 
 him. This argument is based upon a misapprehension of the extent of the rule in relation to that question. A witness is never, and ought never, to be asked as to any previous statements he has made directly and immediately material to the issue, when contradictory to what he swore on the trial. Such statements are allowed to be proved at once for the purpose of discrediting him. It is only when testimony is introduced to prove his declarations or acts, tending to show his bias feeling or partiality towards the party introducing him, that the question must first be put to him in relation to such declarations or acts, before the impeaching testimony is allowed to be given. “ We hold it to be unfair,” says Judge GastON, in delivering.his opinion of the Court, in'the State v. Patterson, 2 Ired. 354; “to attack the credit of a witness, by showing that his answer, extracted by cross-examination, on an enquiry of this character, does not correspond with some statement previously made, without first drawing his attention to such supposed statement, so as to revive his recollection thereof, and afford him an opportunity, if he remembers or admits it, of giving It fully, with such explanations as the circumstances may justify. With respect to the subject-matter of the witness’s evidence, he may he presumed to come prepared to testify with a freshened memory and carefully directed attention: but this presumption does not exist as to collateral matters, remotely connected with that subject-matter; and justice to the witness, and, still more, reverence for truth, requires that, before he be subjected to the suspicion of perjury, he shall have a chance of awakening- such impressions in respect thereof as may be then dormant in his memory.” The distinction and the reason for it, between the cases where it is, and where it is not, necessary to put the preliminary question before introducing the impeaching testimony, is here so olearly stated, that it is unnecessary for us to add anything more, except to say, that it is fully sustained by
 
 *180
 
 the opinion of all the Judges of England, in the Queen’s case, 2 Brad, and Bing. 314, (6 Eng. C. L. Rep, 130,) and by the subsequent case in this Court, of Edwards v. Sullivan, 8 Ired. 302.
 

 The testimony of the witness McKimmon, that Blake was present, aiding and assisting the prisoner in the commission of the burglary, was certainly a part, and a material part, of thp account of the transaction, with its attendant circurn. stances, which it was his duty to give; and if he had previously made declarations himself, or had acquiesced in and admitted declarations inconsistent therewith, made in his presence by others, it was competent for the prisoner to prove them, with the view to discredit him. For the error of the Court below, in rejecting this testimony, the prisoner Í3 entitled to a
 
 venire de novo ;
 
 and to that end this opinion must be certified to the Superior Court of Law for the county of Robeson.
 

 Venire de novo.