Pearson, C. J.
 

 Any evidence is competent, which tends to show the feeling or bias of a witness in respect to the party or the cause; for the jury ought to be put in possession of every fact which will enable them to form a proper estimate of the witness; not merely in reference to his honesty, but to the degree of reliance that can be placed on his
 
 accwacy,
 
 and to what extent allowance should be made for the probability- , of misapprehension, or the danger that the witnesshad'receiSNi5 '■ ed wrong impressions, owing to an excited state 'of feeling. . Every one, no matter how honest he may be, iá mpfe apt .to fall into error after he has .“taken sides” in feeling ordnah- ^ tion, than while he remained neutral. On this accójmt; "every-witness was required by the common law to give hig testhuA’
 
 j.
 
 ny in the presence of the jury, and to be subject to 'cross-ex-.-A animation; so that they could look at him; note his demean- or, and have every opportunity of testing whether he was under the influence of feeling, and thus be able to form an opinion how far he was to be relied on. Indeed, the chief excellence of a trial by jury, consists in the fact, that being judges of human nature, when put in possession of all the circumstances that may, or are calculated to influence the feelings of a witness, or to show a bias either for or against a party, or in reference to the one side or the other of the case, which is on trial, the j ury can better “ weigh his testimony,” and pass on the degree of credit, to which a witness is entitled, than any one man, no matter how learned he ii?ay be in the law. It is on this principle that the rule, above stated, is based. It is to be met with in all the text boobs, and in
 
 State
 
 
 *152
 
 v.
 
 Patterson,
 
 2 Ire. 346, it is held, that although a witness cannot be contradicted as to matters merely collateral, drawn out on cross-examination, yet, when the'-cross-examination-is as to matters which, although collateral, tend to show the
 
 teonper, disposition or conduct of the witness in relationdo the cause or the parties,
 
 the witness may be contradicted. Both kinds •of evidence are admissible on cross-examination,'but the latter is put on higher ground than the former, for it enters into and forms a part • of the issue;
 
 Radford
 
 v.
 
 Rice,
 
 2 Dev. and Bat. 39. On the cross-examination-of the witness, Ruffin, the prisoner’s counsel, for the purpose of showing that he had been very active in regard to the prosecution, proposed to ask him, “if he had taken up and whipped .other negroes in the neighborhood.” The solicitor for the State-objected. The Court said, “ if he has, it is nothing to his .discredit,” and rejected the evidence. In this, there is error. By the word, “ discredit,” we do not understand his Honor to have expressed . an opinion as1 to the degree of credit, to which the witness was ■ entitled, but to haveosed the -word in the sense of not being cen- - surable, or to be blamed, if he had taken up and whipped other . negroes in the neighborhood, touching the -crime then under ■ investigation. ’Whether such conduct was censurable or , praiseworthy, is not a-- question of law, and is a matter about which there may be-a difference of opinion. So,-we lay no r stress upon, it, further than to say, such remarks should not ■ come'from the bench, because they are apt to betray feeling.
 

 His Honor fell in to error, either because he had misconceived ; the extent of the rule,- or in making an application of it. If ¡ he supposed the rule required that the question, in order to ; be relevant, should tend to show the disposition or feeling of ■ the witness towards the prisoner, individually, he was mista!ken as to its- extent, for-it-embraces the -feeling of the witness ■ in respect to the -cause as well as the party. When a witness has become so much excited, by reason of-a horrible crime "that has' been committed, as to be induced “ to take up and whip negroes,” for the purpose of ferreting- out the offenders, his excited state of feeling certainly would have a tendency
 
 *153
 
 to make his testimony less reliable, because he would-be more apt to misapprehend conversations, imbibe wrong impressions, and jump to conclusions on insufficient premises, and both the principle of the rule, and the terms, in which it is laid down, require that the fact of his having become so excited should be made known to the jury, and the circumstance, that he had no previous ill-will, or bad feeling towards the prisoner, in particular,-can only have the-effect of showing a less degree of bias, in the same way that a feeling, both in relation to the -cause and against the prisoner, would tend to show a greater-degree of bias.
 

 If his Honor had a correct idea of the extent of the rule,, then he certainly erred in making the application, for it is manifest that the testimony of a witness, who lias become excited in respect to a particular subject, and has taken an active part in respect to a prosecution, is not so much to be relied on, in reference to its accuracy, as that of a witness, who had not taken sides ©r been active in the matter. Consequently, the evidence was relevant, and ought to have been received, so as to allow the jury to pass on the weight to which it was entitled. Eor this reason, the- prisoner must have another trial; for although he may be guilty, his guilt has not been proved -according to law.
 

 Per Curiam,
 

 Judgment reversed, and a
 
 mnire.de novo.