### THE STATE *v.* GREEN HARSTON.

One who is under sentence of death for a felony, is nevertheless competent. as a witness.

To show the disposition of a witness towards the prisoner, he may be asked whether he had not *heard* that the prisoner had been a witness against him for the same offence.

Where a witness stated, in reply to the question whether the prisoner had not been sworn against him,—that he had not heard him examined, but had *heard* that the prisoner was a witness, and swore against him, *held*, PEARSON, C. J. *dubitante*, that the latter part of the answer was sufficiently responsive, to render it regular for the prisoner to object to the ruling of the Court upon its competency, without any further examination upon his part.

MURDER, tried before *Cloud, J.*, at Fall Term 1868, of the Superior Court of SURRY.

Upon the trial, one Minta Harston, then under sentence of death for the murder of the deceased, was introduced on behalf of the State. The prisoner excepted to her competency, but the Court overruled the exception.

The State also introduced a witness by the name of James Manly. Upon his cross-examination, in order to show ill-feeling on his part to the prisoner, he was asked whether he had not been in jail under suspicion of the same offence. To this he replied in the affirmative. He was further asked, if the prisoner was not a witness and had not sworn against him on the examination before the coroner. To this he replied that he did not hear the prisoner examined, but he had heard that the prisoner was a witness, and had sworn against him. This was excepted to by the State as being hearsay. The Court sustained the objection, but added that the defendant might ask the witness what his feelings were towards the prisoner. The prisoner excepted.

Verdict, Guilty; Rule for a new trial; Rule discharged; Judgment and appeal

*Wm. H. Battle & Sons* and *Masten* for the appellant.
*Attorney General, contra.*

READE, J. There were several exceptions to the ruling of his Honor, but, as they are not likely to embarrass the trial again, and are of no general importance, it is unnecessary for us to notice more than two of them:

I. The prisoner objected to the competency of a State witness, upon the ground that she was under sentence of death for a felony. Whatever might have been the force of such an objection before our statute of 1866, it has no force now, for that statute provides, that no one shall be held incompetent as a witness, on account of crime; of course it must mean crime of which he has been ascertained to be guilty.

II. In order to show the bias of a State witness, from ill-feelings, the prisoner asked the witness if he had not been in jail for the same offence. He said, he had. He was then asked if the prisoner had not been sworn against him on the investigation before the coroner's inquest, held over the dead body. To which he replied that "he did not hear the prisoner examined, but had *heard* that the prisoner was a witness, and swore against him." This was objected to by the State, and ruled out by his Honor, on the ground that it was hearsay evidence.

It was not liable to this or to any other objection, and there was error in excluding it from the consideration of the jury.

What was the fact proposed to be proved? Not that the prisoner had, or had not been a witness; but that the witness had ill-feeling toward the prisoner, on account of something that he knew, or had heard; and whether the witness knew, or had only *heard*, that the prisoner had been a witness against him, it was supposed to be evidence tending to show his ill-blood. And so it was. If one hears that another is speaking ill of him, it is calculated to make him angry, as well as if he had heard the speech himself, and whether in a greater or less degree, depends upon circumstances; probably, in most cases, the report of what is said, is more irritating than the thing said would have been, if heard.

We have considered a doubt suggested by our learned brother the Chief Justice, that so much of the answer of the

witness, as says that he had heard of it, was not called out by the question; that he was asked, whether the fact was so, and that he had fully answered, when he said that he had not heard the examination, and that it was a voluntary statement of the witness to add that he *had heard of it,* and, that as it was not called out, it might be excluded by the Judge, and if the prisoner wanted to except, he ought to have asked the question. "Have you not *heard* that the prisoner swore against you?"

We do not think that makes any difference; the answer, it is true, was not exactly responsive to the question, but it was not foreign to it, and after it was ruled out by his Honor as incompetent, it would have been scarcely respectful to the Court, for the prisoner to have asked the question directly, and it could have answered no purpose.

The fact that the witness had heard that the prisoner had been a witness, "and swore against him," was evidence tending to show ill-feelings on the part of the witness toward the prisoner, and ought to have been left to the jury. Nor was the error of rejecting it cured by the fact that his Honor informed the prisoner, that he might ask the witness the general question "what his feelings were toward the prisoner," because the prisoner was not obliged to rely upon the prisoner's veracity, as to that. But he was entitled to prove facts and circumstances, from which the jury might infer what his feelings were. Suppose the question had been asked, "what are your feelings toward the prisoner?" and the witness had answered "they are very kind;" would not the prisoner have been entitled to contradict him, and prove that his feelings were unkind? After the witness answered, that he heard that the prisoner had been a witness, and swore against him, it would have been competent for either party to ask him what effect that had upon his feelings; but neither party chose to do it, and neither party was obliged to do it. What weight the jury would have given to the fact, if they had been allowed to consider it, we do not know, but it is evidence tending to

show the feelings or temper of the witness. and it was error to exclude it. For this there must be a *venire de novo*.

Let this be certified, &c.

PER CURIAM.                           *Venire de novo.*