THE STATE v. J. G. DICKERSON.

*Apprentice—Master and Servant—Assault—Evidence— Witness—Judge's Charge.*

1. Where a master was indicted for an assault upon his apprentice, and there was evidence that the correction inflicted was excessive ; *It was held,* that it was not competent for the defendant to show, in order to rebut malice, that the apprentice was of bad character and had been charged with larceny.

2. It is not competent to impeach a witness by proving that he had made declarations respecting the party against whom he testifies, showing ill-will and malice, without first interrogating him as to the declarations, and giving him an opportunity to explain or deny.

3. A master is not allowed to inflict cruel punishment upon his apprentice, or to punish from motives of malice.

4. Nothing to the contrary appearing, it will be presumed the Judge gave the jury the instructions properly applicable to the facts, as disclosed by the evidence.

(*State* v. *Patterson*, 2 Ired., 346; *Pipkin* v. *Bond*, 5 Ired. Eq., 91; *Edwards* v. *Sullivan*, 8 Ired., 302; *State* v. *Harris*, 63 N. C., 1, and *State* v. *Jones*, 95 N. C., 588, cited).

INDICTMENT for an assault and battery, tried before *Merrimon, Judge*, at July Term, 1887, of WAKE Superior Court.

The defendant is indicted for an assault upon Joseph Weaver, a boy fifteen years of age, with a deadly weapon. He pleaded not guilty; and the ground of defence was, that the boy named was his apprentice, a bad and incorrigible boy, and he had the right in good faith to correct him by whipping, as he did, and that the punishment inflicted was not unreasonable.

On the trial, the boy was examined as a witness for the prosecution, and testified, that " the last Saturday night in April he was sent to a store to get flour, and upon his return went to a base-ball ground. Afterwards, defendant called

him and asked him, 'What have I said to you about going there? Come in the room and let's see if I can't make you remember it.' He made me take off my coat, and beat me and bruised my shoulders—the bruises stayed on my shoulders pretty near two weeks; the blood settled around my shoulders; had on a shirt of thin goods. I spat up blood, and my nose bled soon after. I went to my grandfather's one week after. I think one place on my side the blood was cut out by a knot on the stick. My shoulders ached and hurt for two or three weeks. I worked some. It pained me to put anything on my shoulders. Defendant beat me several times with hickory like the one shown; he made me take off my coat, and sometimes my pants and drawers." The boy denied being a bad boy, or that he was insolent to the wife of defendant.

It was in evidence that the switch used by the defendant in whipping the boy was "about the size of a man's thumb, and about five feet long."

Other evidence was produced on the part of the State tending to prove that the whipping was as severe as represented by the boy. The defendant introduced evidence tending to prove the contrary.

On the cross-examination of the boy he was interrogated as to certain larcenies imputed to him, which he denied.

On the examination of the defendant as a witness in his own behalf, it was proposed to show by him that he had whipped the boy for such imputed larcenies, and this for the purpose of showing his bad character, and rebutting malice on the part of defendant.

The Court rejected this evidence, and the defendant excepted.

It was proposed to prove by another witness that the boy, on one occasion, had "declared that he would say anything, and do anything which would put the defendant behind yonder posts," pointing to the Penitentiary. (The boy had

not been asked if he had made such declarations). This was proposed with a view to show the animus of the boy towards the defendant.

The proposed evidence was rejected, and the defendant excepted.

The defendant asked the Court "to charge the jury that upon the whole evidence the defendant was not guilty, as charged in the indictment."

This the Court declined to do, and the defendant excepted.

There was a verdict of guilty and judgment against the defendant, from which he appealed.

*The Attorney General,* for the State.
*Mr. John Gatling,* for the defendant.

MERRIMON, J., (after stating the case). The first objection cannot be sustained. The evidence proposed and excluded, if it had been received, would not have tended to prove any legal excuse for the excessively severe whipping—beating— the defendant gave the boy, his apprentice; nor would it have tended to rebut or disprove malice implied, and which the jury might infer from such whipping. If the boy were incorrigible, as alleged, this did not warrant the cruel whipping the defendant gave him, certainly if it were prompted by a malignant heart.

Nor can the second exception be sustained. The evidence excluded was plainly irrelevant as to any principal ground of defence relied upon ; and it was not competent to impeach the boy, who had been examined on the trial as a witness for the prosecution, without first interrogating him as to the unfriendly declarations it was suggested he had made against the defendant. It was reasonable and just that he should have been apprised on the cross-examination of the particular attack to be made upon him. ·It might be that he would have

denied that he used the language attributed to him, or he might have made excusatory and satisfactory explanation of what he had said. The rule which requires the witness, whom it is proposed to attack, to be cross-examined as to imputed hostile declarations or acts as to a party to the action, before evidence of the same shall be given, with a view to impeach, is reasonable, and settled by numerous decided cases. *State* v. *Patterson,* 2 Ired., 346; *Pipkin* v. *Bond,* 5 Ired. Eq., 107; *Edwards* v. *Sullivan,* 8 Ired., 302; 1 Whar. on Ev., §566. If, by inadvertence or misapprehension, the defendant failed to so cross-examine the witness, he might, with the permission of the Court, have been re-called and examined for that purpose.

The Court was not in error in refusing to instruct the jury, that upon the whole evidence taken as true, the defendant was not guilty. Exactly what measure of corporal punishment a master may lawfully or excus ᵢbly inflict upon his apprentice is not settled; but conceding in this case that the defendant might in good faith have given the boy reasonable chastisement, because of his laches or incorrigibility, yet, if the whipping inflicted upon him was as cruel and merciless as the evidence tended to prove it was, the jury might well infer that it was done wantonly and maliciously; and in that case, the defendant would be guilty.

The master shall not whip of malice, and manifest cruelty inflicted implies malice. *State* v. *Harriss,* 63 N. C., 1; *State* v. *Jones,* 95 N. C., 588; Shou. on Dom. Rel., §§244, 467.

The instructions the Court gave the jury do not appear; no exception appears to have been taken in that respect, and nothing to the contrary appearing, the presumption is, they were correct—such as the evidence and the law applicable warranted. The burden was on the defendant to show the contrary.

There is no error. Let this opinion be certified to the Superior Court according to law.

Affirmed.