D. F. SMITH et al v. M. C. SMITH et al.

*Action to Set Aside Deed—Undue Influence—Mental Capacity and Will Power of Grantor—Opinion of Witness—Evidence.*

1. Where, in the trial of an action to set aside a deed for fraud and undue influence on the grantor, his mental capacity was in issue, it was competent for a non-expert witness to express his opinion, founded on association with the grantor, that the latter's mental capacity "was good."

2. An ordinary witness, if not an expert, after stating the mental condition, character or temper of a person, is incompetent to go further and express his belief that, in consequence of such character, temper, &c., such person would or would not do an act attributed to him, the capacity to do which is the matter in issue before a jury; for such an expression of opinion would be an invasion of the province of the jury.

3. While a non-expert witness may be permitted to state his impression, derived from association and observation, as to the mental capacity of a person, when such capacity is in issue, he will not be allowed to gauge the will power of such person and express the belief that no power on earth could influence it, such an opinion being one that the law does not consider inexperienced and untrained men competent to form from association and observation.

This was a civil action, brought for the purpose of setting aside a certain deed and certain bills of sale made by one H. C. Smith, deceased, to his wife, M. C. Smith, on the grounds of fraud and undue influence, tried at February Term, 1895, of the Superior Court of Columbus county, before *Norwood, Judge,* and a jury.

On the trial the defendants introduced, as witness, one R. R. Bellamy, who testified as follows: "I reside in Wilmington; am a druggist; I have known H. C. Smith for (9) years; I sold him goods during that time; I saw him three or four times a year, sold him goods when he came

to town, and also on orders. His mental capacity was good; he was a good business man—clear-headed, and very accurate. He was a man of great will power."

The defendant's counsel then asked the witness whether or not said H. C. Smith could be influenced by others. This was objected to by plaintiffs, but the question was allowed by the Court, and the plaintiffs excepted.

The witness answered as follows; "When he made up his mind, he could not easily be moved. He was not easily influenced, unless he had made up his mind to be influenced, and I don't think that even his friends could influence him. No power on earth could influence him."

There was a verdict for the defendants and from the refusal of a motion for new trial the plaintiffs appealed.

*Messrs. Lewis & Burkhead*, for plaintiffs (appellants).
*Messrs. J. D. Bellamy, Jr.*, and *DuBrutz Cutlar*, for defendants.

AVERY, J.: Having stated that he had opportunity to judge of the mental capacity of the grantor, whose deed the plaintiffs seek to set aside for undue influence and fraud, the witness Bellamy, though not an expert, was competent to express the opinion, founded upon association with the grantor, that it "was good." *Clary* v. *Clary*, 2 Ired., 78. No objection was made by the plaintiff to that or the further testimony that he "was a good business man —clear-headed and very accurate;" and "was a man of great will power." But, conceding that he was competent to show both the mental condition and the marked characteristics of the deceased, did he not transcend the limit prescribed for the ordinary witness if not for the expert, when he delivered an opinion, which, if concurred in by the jury, determined the very question of fact upon which

the controversy depended? If the jury believed that H. C. Smith could not be influenced by any "power on earth," whether the effort to divert him from a fixed purpose was made by friend of foe, of course it followed that the execution of the deed and bills of sale to M. C. Smith, his wife, was not procured by undue influence on her part as contended by the plaintiff. It is the general rule that an ordinary witness, at least if not an expert, after stating the mental condition, character or temper of a person is incompetent to go further and give expression to his belief that, in consequence of the state, character or temper as described, such person would or would not do an act attributed to him and npon his capacity or disposition to do which the finding of the jury depends. Lawson on Expert Testimony, p. 497, (Rule 65 and p. 502, *et seq.*, B); *Armour* v. *The State*, 63 Ala., 173 ; *Carpenter* v. *Colvert*, 83 Ill., 63 ; *Fry* v. *Bennett*, 3 Bos., 201. To permit an ordinary witness to anticipate the action of the jury and attempt to substitute his opinion upon the very matter at issue for their own, would be to clothe him, when testifying as to mental capacity, with the power, which our statute denies to the presiding Judge. Upon the same principle counsel may be required to so frame their questions ·to an expert as to avoid eliciting his conclusions as to the weight of testimony or the credibility of witnesses, or any ·answer which, if acted on, would decide the issue for the jury instead of leaving them to review the evidence and reach their own conclusions upon the facts. Rogers on Expert Testimony, p. 62.

But, apart from the objection that the witness invades the province of the jury by giving them his opinion as to. what they should find, the testimony offered is clearly incompetent on another ground. It is only upon the theory that it is necessary to do so in order to get before the jury

SMITH *v.* SMITH.

impressions of witnesses derived from association such as would form the basis of a belief in the mind of each juror if he had had the same opportunity, that the ordinary witness is allowed to state an opinion as to mental capacity. While the non-expert witness is deemed capable of judging of the general question whether a person is sick or well, he is not competent to go further and give an opinion upon the nature of a disease or the extent of the ravages it has made upon the system of the patient. Lawson, *supra*, p. 471. For the same reason it does not follow that a witness can gauge the will power of another and give an opinion of the amount of pressure it will withstand, because the law provides that from necessity he may be permitted to state the general impression, derived from observing the countenance, manner, words and conduct of the same person, as to his mental capacity. It is at least questionable whether even the most eminent of alienists would, as experts, venture to testify to the capacity of a sane or an insane patient to resist importunity. It is sufficient, however, for present purposes to say that the testimony was incompetent because it was not a statement of an impression or opinion which inexperienced or untrained men are considered by the law competent to form from association and observation.

It is needless to discuss the other assignments of error, as the same questions may not arise again. For the error in admitting the testimony of the witness Bellamy, the plaintiff is entitled to a new trial.

New Trial.