### HENRY STEWART *v.* CASSIE STEWART.

(Filed 26 May, 1911.)

**1. Wills—Caveat—Insufficient Mental Capacity—Evidence.**

> A witness in the trial of a *caveat* to a will for alleged insufficiency of mind of the testator to have made the will, testified of his long acquaintance with the testator, and transactions had with him. His further testimony, "that he still retained his mental faculties to the last," held competent.

**2. Same—Impeachment—Feeling.**

In proceedings caveating the will of the testator by his son, question asked a witness "if he had not gone to the home of the testator and removed some of its contents to the house of the caveator" held competent to impeach the witness as tending to show his relations to the parties and a state of feeling between the father and son which may have influenced the former in the disposal of his property.

**3. Wills—Caveat—Witness—Impeachment—Bias—Relevant Facts— Evidence.**

When a will is sought to be set aside for undue influence, testimony in reply to a question as to the influence the propounder exercised over the testator, "She certainly seemed to do most of the talking, and he seemed to be under her thumb," is incompetent as an expression of a conclusion which it was the province of the jury to draw from the facts and circumstances placed in evidence.

APPEAL by plaintiff from *Ferguson, J.,* at the Fall Term, 1910, of MACON.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*R. D. Sisk, Robertson & Benbow, A. M. Fry and G. L. Jones for plaintiff.*

*A. W. Horne and J. Frank Ray for defendant.*

CLARK, C. J. This is an issue of *devisavit vel non.* The caveator is the son by the first marriage. The propounder is the second wife and the chief beneficiary under the will. Dobson, a witness for the propounder, certified that he had been acquainted with the testator for twenty-five years; was at one time his neighbor for seven years; had numerous transactions with him, mostly in land deals, the last being about three months before his death; had seen him frequently; had never detected anything wrong with his mind; was acquainted with his handwriting; that his mental condition was good, so far as he knew, and "that he still retained his mental faculties to the last." The caveator excepted to the last expression, but we think it competent. *Smith v. Smith,* 117 N. C., 326.

The exceptions as to the identification of the will were prop-

erly withdrawn in this Court. As to exception 7, it was competent upon cross-examination to ask the witness Webb if he had not gone to the home of the testator and removed some of its contents to the home of the caveator. This was competent to impeach the witness, and tended to show his relation to the parties and a state of feeling between the father and son which might have influenced the testator in the disposal of his property.

The caveator introduced the deposition of Mrs. Durgin and the Court refused to permit the following question and answer:

Q. What influence did Cassey Stewart seem to exert over Henry Stewart, Sr.? A. She certainly seemed to do most of the talking, and he seemed to be under her thumb a good deal.

The question was excluded upon the ground that it was leading. We also think that it was incompetent as the expression of a conclusion which it was the province of the jury to draw upon facts placed before them. *Smith v. Smith,* 117 N. C., 326.

The condition of the testator's mind was a matter as to which any one having opportunity for observation can testify, subject to cross-examination to test the value of the opinion expressed by the witness, *Clary v. Clary,* 24 N. C., 78, but whether there was undue influence is a question for the jury to decide from the facts and circumstances placed in evidence. *Lewis v. Mason,* 109 Mass., 169, though relied upon by appellant, sustains this view. There it was held proper to show that the person charged with the exercise of undue influence commanded the testator in an angry voice to "shut up," and that testator obeyed him. This was a fact tending to show that such person had power and inclination to exert a controlling influence over the testator, and was competent for the jury to consider. But it would not have been competent for the witness in that case, or in this, to testify that such person had a controlling influence over the testator.

The other exceptions do not require discussion. We find

No error.