## STATE v. CARY VAUGHAN.

(Filed 20 December, 1923.)

**Murder—Evidence—Criminal Law—Appeal and Error.**

Upon the trial of a father for the murder of his son: *Held,* the admission of testimony of a witness in explanation of an impeaching question asked by the defendant, and the statements of the defendant that he would "whip that boy," notwithstanding his weakened condition, tending to show *animus* or ill feeling, was not erroneous under the circumstances of the case.

APPEAL by defendant from *Daniels, J.,* at April Term, 1923, of HERTFORD.

Criminal action. The defendant was convicted of murder in the second degree and he appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*No counsel contra.*

ADAMS, J. The defendant was prosecuted for the murder of his son, who was about sixteen years of age. On behalf of the State there was evidence tending to show the defendant's threat to "whip" and "fix" the deceased and his indifference as to consequences—"I don't care how soon somebody kills him"; that he did inflict severe corporal punishment; that on the last Sunday in February a physician was called in from whom the defendant concealed the boy's real physical condition; and that the death and burial occurred during the latter part of the week and the disinterment and autopsy on the following Sunday. The post-mortem examination showed that the body was covered with wounds; the left arm was dislocated at the elbow and the right arm at the shoulder joint; on the breast was a cut six or eight inches in length, and at the base of the brain a contused wound which caused the death. The defendant offered evidence, and upon issue joined, the jury found him guilty of murder in the second degree.

There are two exceptions to evidence, neither of which can be sustained. The testimony of John Vaughan, to which objection was taken, was in explanation of an impeaching question propounded by the defendant, and the defendant's statement to Sanford Sutton that he would "whip that boy" notwithstanding his weakened condition, was competent as tending to show animus or ill-feeling.

The substance of the defendant's prayers was given to the jury, and the instructions excepted to are free from error. His Honor was careful to safeguard the rights of the defendant throughout the trial. Indeed, a minute review of the case would result only in the repetition of familiar principles in the law of homicide. The admission of evidence and the charge of the court are sustained by the following authorities: *S. v. Whitfield,* 92 N. C., 831; *S. v. Jones,* 95 N. C., 588; *S. v. Dickerson,* 98 N. C., 708; *S. v. Horn,* 116 N. C., 1037; *S. v. Wilcox,* 118 N. C., 1131; *S. v. Thornton,* 136 N. C., 610; *S. v. White,* 138 N. C., 705; *S. v. Roberson,* 150 N. C., 837; *S. v. Fowler,* 151 N. C., 732; *S. v. Baldwin,* 152 N. C., 822; *S. v. Kincaid,* 183 N. C., 709; *S. v. Johnson,* 184 N. C., 637. We find

No error.