STATE v. LATTIMORE B. SPAULDING.

(Filed 29 November, 1939.)

**Criminal Law § 41b—Testimony of witness on cross-examination by State held to connect witness with, and show interest of witness toward defendant, and therefore State was entitled to contradict the testimony.**

Defendant was charged with operating a motor vehicle on a public highway while under the influence of intoxicating liquor. On cross-examination, a witness for defendant denied she had been out riding with defendant alone at night. *Held:* Testimony of a State's witness contradicting the testimony of defendant's witness on cross-examination was properly admitted under the exception to the general rule that a party is not concluded by testimony of a witness on cross-examination as to a collateral matter when the testimony on cross-examination tends to connect the witness with, or show the witness' interest toward one of the parties.

APPEAL by defendant from *Harris, J.,* at June Term, 1939, of COLUMBUS.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*Herbert McClammy for defendant, appellant.*

SCHENCK, J. The defendant was convicted of operating a motor vehicle on the public highway while under the influence of intoxicating liquor. The evidence was conflicting but the jury seems to have believed the testimony of the State's witnesses rather than that of the defendant and his witnesses. There are no exceptions to the charge.

The appellant relies upon two exceptions which appear in the record, as follows: "Counsel for the State stated to the court that this witness was offered for the purpose of contradicting Mrs. Simmons. Fred Hooks testified: I am the floor man at Lee's Warehouse. I know Spaulding. I know Mrs. Simmons. Q. Did you ever see them together— Mr. McClammy: Now, don't you answer that until the judge says you can answer it. Q. . . . at least whether they were there without anybody else in the car but Spaulding and Mrs. Simmons. Objection by defendant. Court: If you are asking that for the purpose of contradiction, with an exception by the defendant, you may answer it. Objection overruled. Defendant excepts. Exception No. 1. A. Why I couldn't say how many times I have seen them together, right many times. I would say I had seen them as late as 11:00 at night. Cross-examination. The witness was asked whether he wanted to create the impression upon that jury that the lady and Spaulding were there for immoral and an improper purpose. It was objected to by the solicitor. Mr. McClammy: You can see perfectly plain what the purpose of it is. Court: You may state whether you mean immoral purpose or not. Defendant objects. Objection overruled. Defendant excepts. A. Well, I wouldn't—I couldn't say that there was any immoral conduct in it, but I saw them, saw them together, I couldn't say what it was for, I couldn't explain that question. To this evidence, the defendant objects. Objection overruled. Defendant excepts. Exception No. 2."

We are of the opinion that the evidence assailed by the exceptions is competent in view of the testimony given on cross-examination by the defendant's witness, Mrs. Simmons, who it appears was a tenant of the defendant, as follows: "I never rode in Lee's Warehouse late at night with nobody in the car but Spaulding. I deny that I did. I don't know Mr. Judd Hooks. I deny going to Lee's Warehouse all hours of the night with no one but Spaulding, indeed I deny it. Spaulding has never been to my house at night when my husband was away, and he has never been to my house in the daytime when my husband was not at home. Spaulding has never been to my house to discuss the crops with me and my husband when he failed to find my husband, he always found him at home."

The rule is thus stated in *S. v. Jordan*, 207 N. C., 460: "The general rule is that answers made by a witness to collateral questions on cross-examination are conclusive, and that the party who draws out such

answers will not be permitted to contradict them; which rule is subject to two exceptions, first, where the question put to the witness on cross-examination tends to connect him directly with the cause or the parties, and second, where the cross-examination is as to a matter tending to show motive, temper, disposition, conduct, or interest of the witness toward the cause or parties. *S. v. Patterson*, 24 N. C., 346; *S. v. Davis*, 87 N. C., 514; *Cathey v. Shoemaker*, 119 N. C., 424; *In re Craven's Will*, 169 N. C., 561." See, also, 1 Greenleaf on Evidence (16th Ed.), sec. 450.

The testimony elicited by the cross-examination of the defendant's witness, Mrs. Simmons, is clearly within the exceptions to ·the general rule, and was subject to contradiction, since it clearly tends to connect the witness with the party, the defendant, and. also tends to show the interest of the witness toward the party, the defendant.

In the record we find

No error.