COMMONWEALTH *vs.* PERLEY R. TAYLOR.

Plymouth.   May 6, 1946. — May 29, 1946.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Carnal Knowledge. Practice, Criminal,* Exceptions: failure to save; New trial; Discretionary control of evidence. *Witness,* Cross-examination.

At the trial of an indictment charging carnal knowledge, evidence of conduct of the defendant with his eleven year old daughter and of statements made by him to her warranted a verdict of guilty.

The record of an appeal under G. L. (Ter. Ed.) c. 278, §§ 31, 33A–33G, with an assignment of errors and a transcript of testimony received at the trial of an indictment charging carnal knowledge of the body of the defendant's daughter, where the defendant complained as to certain matters respecting which he had made no request and had saved no exception at the trial, disclosed no occasion for an exercise by this court of the power which it has to set aside a verdict in case of a miscarriage of justice.

No abuse of discretionary power was shown in a ruling by a judge at a criminal trial excluding further cross-examination of the wife of the defendant designed to show bias or prejudice on her part.

INDICTMENT, found and returned on February 7, 1946.

The case was tried before *Walsh*, J.

*A. F. Lyon*, for the defendant.

*G. L. Rabb*, Assistant District Attorney, for the Commonwealth.

DOLAN, J. The defendant has been found guilty of having had carnal knowledge of the body of his daughter Shirley Taylor. The case now comes before us upon his appeal, accompanied by an assignment of errors, a summary of the record, and a transcript of the evidence under the provisions of G. L. (Ter. Ed.) c. 278, §§ 31, 33A–33G. See *Commonwealth* v. *McDonald*, 264 Mass. 324, 334.

The defendant's first assignment of error is based on his exception to the denial of his motion for a directed verdict of not guilty. There was evidence that would have warranted the jury in finding the following facts: On December 11, 1945, the defendant came home at about 7:30 P.M. He had been drinking. His wife, the mother of Shirley, his daughter, who was then about eleven years of age, was absent from the home temporarily at that time. Shirley was the oldest of four children of the defendant and his wife. The defendant left the house to get his wife. He returned later accompanied by his nine year old son, who, at his direction, went to bed, and the defendant shut the door to the boy's bedroom. The defendant then took Shirley by the arms, pushed her into his bedroom, and told her to take down her pajamas and "to get in bed." He slipped her pajamas down, "unzippered . . . his pants" and pushed them down. Shirley having got upon the bed, he lay on top of her despite her efforts to push him off because he was hurting her, and remained there in motion for about ten minutes. Shirley was lying upon her back. The jury could find that at the expiration of that time he had accomplished his purpose. An examination of Shirley on December 12, 1945 (the day following the incident just above referred to), disclosed that her vagina had been penetrated by some object bigger than the vaginal opening. It was consistent with penetration by a penis. There was also evidence that the defendant had stated to Shirley after the alleged assault and on the night

of its occurrence that "The germ goes inside your mother's body; it forms a baby," and that she, Shirley, "might come sick in a month or two." This evidence would warrant the jury in finding that Shirley's vagina had been penetrated in the course of the assault and in inferring that the defendant knew that he had penetrated her vagina. Other evidence tending to show the guilt of the defendant need not be recited. His motion for a directed verdict of not guilty was denied rightly.

Assignments of error 2 and 3. The error assigned in the second assignment is the failure of the judge to instruct the jury that at the outset of the trial the defendant is presumed to be innocent. The third assignment is based on the failure of the judge to instruct the jury as to the burden of proof and, in particular, on his failure to instruct them as to what constitutes reasonable doubt. The record does not disclose that the defendant made any request for such instructions or that any exceptions were taken by him as to these subject matters. It is settled that an "exception not included in the assignment of errors and an assignment of errors not based upon an exception cannot be treated as rightly presented to the full court," and "in appropriate instances this court has and will exercise the power to set aside a verdict in order to prevent a miscarriage of justice when a decisive matter has not been raised at the trial." *Commonwealth* v. *McDonald,* 264 Mass. 324, 336. See *Commonwealth* v. *MacGregor, ante,* 462, 463. An examination of the record in the case at bar shows no occasion for the exercise of that power. See *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 25.

Assignment of error 4. This assignment is based on the defendant's exceptions to the exclusion of certain questions propounded to his wife on cross-examination for the purpose of showing bias or prejudice on her part. The record discloses that the witness, in response to questions propounded to her by the defendant's counsel, testified in substance that she then wanted the defendant out of the house; that she had not been wanting him out of the house "since he came back from the service"; that she had not "wanted him out

of the house before" the alleged crime; that she had not told his mother at one time that if he did not get out of the house she would "put him in jail"; that she did not "want him out of the house so . . . [that she] can run around with boy friends"; and that she did not have boy friends, as her husband "has been telling around the courts." At this point the assistant district attorney objected that the witness was not on trial. Counsel for the defendant sought to pursue the inquiry "as to whether or not . . . [the witness] was interested in going out with another man, and didn't want him [*sic*] around the house," and made an offer to prove through the witness that she was going about with another man. The witness interjected, saying, "I never ran around in my life." The judge excluded further inquiry along that line, subject to the defendant's exception. In *Commonwealth* v. *Russ*, 232 Mass. 58, 79, the court said, "The limits of cross-examination ordinarily rest in sound judicial discretion. . . . Reasonable cross-examination for the purpose of showing falsity of other testimony of the witness or bias and prejudice on his part is matter of right." In the present case this principle was not violated, since it appears that the inquiry permitted along those lines was sufficient and that the further proposed inquiry was in substance but a repetition of what had already been gone into. No error is shown by this assignment.

Assignment of error 5. This assignment, not being based upon any exception taken by the defendant, is disposed of by what we have already said in the consideration of assignments of error 2 and 3.

*Judgment affirmed.*