### STATE v. ROBERT JONES.

(Filed 29 September, 1948.)

**1. Criminal Law § 40d—**

Where defendant does not put his character in issue as substantive evidence and does not testify as a witness, the prosecution may not introduce evidence of his bad character; when defendant testifies but does not put his character in issue, impeaching evidence affects only his credibility as a witness and not the question of his guilt or innocence.

**2. Same: Criminal Law § 42c—**

Defendant did not put his character in issue and did not testify. On cross-examination of his wife as a witness in his behalf objection was sustained to the solicitor's question as to how many times she had been in the courts of North Carolina to testify on his behalf. After she had been recalled as a witness, the solicitor was permitted to ask her on cross-examination how many times she had appeared as a witness in the courts

of named counties. *Held:* The question was permissible to impeach the witness or to show her interest and bias, and any inferential or oblique reflection on the character of defendant was incidental, and exception thereto cannot be sustained.

APPEAL by defendant from *Williams, J.,* May-June Term, 1948, of HALIFAX.

Criminal prosecution on indictment charging the defendant with assault with a deadly weapon with intent to kill, inflicting serious injury not resulting in death. G. S., 14-32.

The record discloses that on the night of 26 October, 1947, Claudius Mercer went to the home of the defendant, Robert Jones, to get his work clothes and trunk which he had left there when he quit the employment of the defendant the day before.

The evidence is in sharp conflict as to what transpired. Mercer says he was shot in the back by the defendant while he was bending over putting his clothes in the trunk. The defendant "was in a very drunken condition" when later arrested that night, according to the testimony of the arresting officer.

The defendant's evidence, on the other hand, tends to show that the prosecuting witness was shot while trying to break into the defendant's home "to get him or his clothes"; that the prosecuting witness was drinking and cursing at the time. The officer who saw Mercer soon thereafter says "he was not under the influence of any intoxicating stimulant."

Verdict: Guilty of an assault with a deadly weapon.

Judgment: Not less than 20 nor more than 24 months on the roads.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*Cameron S. Weeks and Allsbrook & Benton for defendant.*

STACY, C. J. In a warmly contested prosecution with the witnesses differing widely on the facts, the jury has found the defendant guilty of a "less degree of the same crime" charged (G. S., 15-170), *i.e.,* guilty of an assault with a deadly weapon. The verdict finds support in the evidence.

The principal exception, debated on argument and in brief, is addressed to the cross-examination of the defendant's wife. The defendant did not put his character in issue, nor did he take the stand as a witness. His wife did. On cross-examination, the solicitor asked her to state the number of times she had been in the courts of North Carolina to testify

on behalf of her husband. The defendant objected to the question, and the objection was sustained. The jury was instructed to disregard the question. Later the defendant recalled his wife as a witness, and on cross-examination, the solicitor, over objection, was permitted to inquire as to the number of times she had appeared as a witness in the courts of Bertie, Northampton and Halifax Counties.

It is the contention of the defendant that the prosecution was thus allowed to put his character before the jury when he had not testified in the case and had refrained from putting his character in issue. "Unless willing to become a witness," a defendant in a criminal prosecution "is invested with a presumption of innocence such as the law makes in favor of every person accused of crime, and evidence cannot be offered to impeach his character unless he voluntarily puts it in issue." *S. v. Efler,* 85 N. C., 585.

In criminal prosecutions, certainly those involving moral turpitude, the accused may elect to put his character in issue as a substantive matter, and thus produce evidence of his good reputation and standing in the community; but in the absence of such election on the part of the defendant, the prosecution may not offer evidence of his bad character, unless and until he has been examined as a witness in his own behalf, and even then—the defendant not electing to put his character in issue—the impeaching testimony is permitted to affect his credibility as a witness, and not the question of his guilt or innocence. *S. v. Colson,* 193 N. C., 236, 136 S. E., 740.

Here, however, the court sustained the objection to the question which involved the defendant, and the jury was instructed to disregard the inquiry. The later cross-examination was permissible to impeach the witness or to show her interest and bias. *S. v. Beal,* 199 N. C., 278, 154 S. E., 604; *S. v. McKinnon,* 223 N. C., 160, 25 S. E. (2d), 606. If this inferentially or obliquely affected the defendant, it was only incidental. We cannot say as a matter of law there was error in the cross-examination. *S. v. Stone,* 226 N. C., 97, 36 S. E. (2d), 704; *S. v. Roberson,* 215 N. C., 784, 3 S. E. (2d), 277.

The remaining exceptions are without substantial merit. They present no new question or one not heretofore settled by the decisions. The validity of the trial will be upheld.

No error.