## STATE v. JULIAN DAVID HART.

### (Filed 24 March, 1954.)

**1. Criminal Law § 42c: Evidence § 19—**

A party to an action or proceeding, either civil or criminal, may elicit from an opposing witness on cross-examination particular facts having a logical tendency to show that the witness is biased against him or his cause, or that the witness is interested adversely to him in the outcome of the litigation, and this rule includes the right to cross-examine an opposing witness to elicit information that the opposing witness had brought, or was preparing to bring. a civil action for damages against the accused based on the acts involved in the criminal prosecution.

**2. Same—**

The right to elicit information on cross-examination of an opposing witness tending to show that the witness is biased or is interested in the outcome of the litigation, *held* a substantial right which the trial judge has no discretionary power to abrogate or abridge to the prejudice of the cross-examining party.

**3. Criminal Law § 42f: Evidence § 17—**

Where a party cross-examines an adverse witness as to matters which tend to show the partiality of the witness for his adversary or the hostility of the witness toward him, the party is not bound by the answers of the witness denying partiality or hostility, but is at liberty to contradict the witness by the testimony of other persons disclosing such partiality or such hostility.

**4. Criminal Law § 81c (3): Automobiles § 28d—**

In this prosecution for manslaughter the refusal of the court to permit defendant to show that the main witnesses for the State were suing the defendant for damages resulting from the same accident *held* prejudicial.

APPEAL by defendant from *Williams, J.*, and a jury, at November Term, 1953, of HARNETT.

Criminal prosecution for manslaughter arising out of an accident on the highway in which a motorist struck and killed the driver of a team of mules.

At dusk on 26 March, 1953, the deceased John Lockamy, who was the sixteen-year-old son of Willie Lockamy, was conveying his father's mowing-machine eastward along the highway with his father's team of mules. An eastbound automobile operated by the defendant Julian David Hart, who was accompanied by a guest, Floyd Suitt, Jr., overtook and struck the mowing-machine, the deceased, and the mules, demolishing the machine and killing the deceased and the mules. Willie Lockamy witnessed the collision, and Floyd Suitt, Jr., suffered personal injury in it.

The death of John Lockamy prompted the indictment of the defendant for manslaughter. Both sides offered evidence at the trial of the defend-

ant on this charge. The State's evidence indicated that the defendant was guilty of criminal negligence in the operation of the automobile, and that his criminal negligence in such respect proximately resulted in the death of the deceased. The defendant's evidence would have exonerated him from criminal responsibility for the death if it had been accepted at its face value by the jury.

The case for the prosecution was based in the main upon the testimony of Willie Lockamy and Floyd Suitt, Jr., who were called to the stand by the State as its first and second witnesses.

Counsel for the defense addressed to Willie Lockamy on his cross-examination questions calculated to draw out the facts that he had brought two pending civil actions for damages against the defendant, one in his representative capacity as administrator for the death of his son, and the other in his individual capacity for the destruction of his mowing-machine and mules. Counsel for the defense also put to Floyd Suitt, Jr., on his cross-examination questions designed to elicit the fact that he, too, was suing the defendant in a pending civil action to recover damages for the personal injury sustained by him in the collision. The State objected to the questions, the trial judge sustained the objections, and the defendant excepted to the rulings. The case on appeal shows that Willie Lockamy and Floyd Suitt, Jr., would have admitted the bringing and the pendency of the civil actions if the State's objections to the questions had not been sustained.

The jury found the defendant guilty of manslaughter, the trial judge pronounced sentence against the defendant on the verdict, and the defendant appealed, assigning various adverse rulings as error.

*Attorney-General McMullan and Assistant Attorney-General Bruton for the State.*

*Salmon & Hooper for defendant.*

Ervin, J. The defendant stresses his exceptions to the disallowance of his counsel's cross-examination of the State's witnesses Willie Lockamy and Floyd Suitt, Jr., as to their having brought civil actions against him based on the identical acts involved in this criminal prosecution.

Truth does not come to all witnesses in naked simplicity. It is likely to come to the biased or interested witness as the image of a rod comes to the beholder through the water, bent and distorted by his bias or interest. The law is mindful of this plain psychological principle when it fashions rules of evidence to aid jurors in their search after truth. As a consequence, the law decrees that "any evidence is competent which tends to show the feeling or bias of a witness in respect to the party or the cause," and that jurors are to consider and weigh evidence of this char-

acter in determining the credibility of the witness to whom it relates. *S. v. Sam*, 53 N.C. 150. To enable litigants to present such evidence to jurors, the law establishes and enforces these rules:

1. A party to an action or proceeding, either civil or criminal, may elicit from an opposing witness on cross-examination particular facts having a logical tendency to show that the witness is biased against him or his cause, or that the witness is interested adversely to him in the outcome of the litigation. *S. v. Jones*, 229 N.C. 276, 49 S.E. 2d 463; *Hoke v. Greyhound Corp.*, 227 N.C. 412, 42 S.E. 2d 593; *Manufacturing Co. v. R. R.*, 222 N.C. 330, 23 S.E. 2d 32; *S. v. Roberson*, 215 N.C. 784, 3 S.E. 2d 277; *S. v. Beal*, 199 N.C. 278, 154 S.E. 604; *Riverview Milling Co. v. State Highway Commission*, 190 N.C. 692, 130 S.E. 724; *Bailey v. City of Winston*, 157 N.C. 252, 72 S.E. 966; *Stewart v. Stewart*, 155 N.C. 341, 71 S.E. 308; *S. v. Harston*, 63 N.C. 294. Under this rule, a witness for the prosecution in a criminal case may be compelled to disclose on cross-examination that he has brought, or is preparing to bring a civil action for damages against the accused based on the acts involved in the criminal case. *Villaroman v. United States*, 87 App. D. C. 240, 184 F. 2d 261, 21 A.L.R. 2d 1074; *Cabel v. State*, 18 Ala. App. 557, 93 So. 260; *State v. McLemore*, 99 Kan. 777, 164 P. 161; *Coleman v. Commonwealth*, 208 Ky. 601, 271 S.E. 662; *Commonwealth v. Marcellino*, 271 Mass. 325, 171 N.E. 451; *People v. Drolet*, 157 Mich. 90, 121 N.W. 291; *State v. Decker*, 161 Mo. App. 396, 143 S.W. 544; *State v. Williams*, 16 N. J. Super. 372, 84 A. 2d 756; *Hoffman v. State*, 85 Tex. Cr. 11, 209 S.W. 747; *Lane v. Commonwealth*, 190 Va. 58, 55 S.E. 2d 450; *State v. Constantine*, 48 Wash. 218, 93 Pa. 317; 70 C.J., Witnesses, section 1189.

2. Despite *dicta* (*S. v. Stone*, 226 N.C. 97, 36 S.E. 2d 704, S. v. Coleman, 215 N.C. 716, 2 S.E. 2d 865) and decision (*S. v. Wray*, 217 N.C. 167, 7 S.E. 2d 468) to that effect, evidence obtainable by cross-examination showing bias or interest of an opposing witness is not to be revealed in one case and concealed in another at the caprice or the discretion of the trial judge. Cross-examination of an opposing witness for the purpose of showing his bias or interest is a substantial legal right, which the trial judge can neither abrogate nor abridge to the prejudice of the cross-examining party. *S. v. Roberson, supra; S. v. Harston, supra; Commonwealth v. Taylor*, 319 Mass. 631, 67 N.E. 2d 237; *Commonwealth v. Sansone*, 252 Mass. 71, 147 N.E. 574; *Commonwealth v. Russ*, 232 Mass. 58, 122 N.E. 176; *State v. Radon*, 45 Wyo. 383, 19 P. 2d 177; 58 Am. Jur., Witnesses, section 715; 70 C.J., Witnesses, section 1165. A contrary rule would substitute the whim of the trial judge for the law of the land, which certainly contemplates that the causes of all men in like circumstances are to be determined by uniform laws, impartially administered.

3. Where a party cross-examines an adverse witness as to matters which tend to show the partiality of the witness for his adversary or the hostility of the witness toward him, the party is not bound by the answers of the witness denying partiality or hostility, but is at liberty to contradict the witness by the testimony of other persons disclosing such partiality or such hostility. *S. v. Spaulding,* 216 N.C. 538, 5 S.E. 2d 715; *S. v. Roberson, supra; S. v. Banks,* 204 N.C. 233, 167 S.E. 851; *Scales v. Lewellyn,* 172 N.C. 494, 90 S.E. 521; *In re Craven,* 169 N.C. 561, 86 S.E. 587; *S. v. Crook,* 133 N.C. 672, 45 S.E. 564; *Cathey v. Shoemaker,* 119 N.C. 424, 26 S.E. 44; *S. v. Dickerson,* 98 N.C. 708, 3 S.E. 687; *S. v. Ballard,* 97 N.C. 443, 1 S.E. 685; *Kramer v. Electric Light Co.,* 95 N.C. 277; *S. v. Davis,* 87 N.C. 514; *S. v. Roberts,* 81 N.C. 605; *Jones v. Jones,* 80 N.C. 246; *Clark v. Clark,* 65 N.C. 655; *S. v. Kirkman,* 63 N.C. 246; *S. v. Sam, supra; S. v. McQueen,* 46 N.C. 177; *Edwards v. Sullivan,* 30 N.C. 302; *S. v. Patterson,* 24 N.C. 346, 38 Am. D. 699.

The circumstance that the State's witnesses Lockamy and Suitt were suing the defendant for damages in civil actions based on the acts involved in the prosecution for manslaughter showed that they were interested in pecuniary ways in the conviction of the defendant. These observations of the Supreme Judicial Court of Massachusetts concerning the prosecuting witness Lombard in *Commonwealth v. Marcellino, supra,* are rather relevant:

"Lombard testified as a witness called by the Commonwealth. On cross-examination, he was asked, 'Is it not a fact that you have brought a civil suit for $5,000.00 against the defendant based on this assault which is now pending?' On objection this question was excluded. This was error. The question was designed to elicit information tending to show bias and personal interest in the outcome of the indictment then on trial. It was of great importance to the witness that a verdict of guilty should be returned. Judgment against the defendant upon the indictment on trial would at the least have a strong tendency to prevent the defendant from testifying in his own behalf on the trial of the civil action brought by the witness against him or, if he testified, to impair the value of such testimony. In other respects it would be or might become a difficult obstacle in the defense of the civil case and an important advantage to the plaintiff in prosecuting it."

It cannot be said that the exclusion of the facts showing that Lockamy and Suitt were suing the defendant for damages in civil actions based on the acts involved in the prosecution for manslaughter constituted harmless error. The exclusionary ruling enabled the State to present its witness Suitt to the jury as the defendant's friendly traveling companion, who was wholly free from temptation to be partial to the prosecution or hostile to the defense. The ruling likewise permitted the State to repre-

sent to the jury that its witness Lockamy had no motive to color his testimony to the defendant's disadvantage other than the emotive bias of a grief-stricken parent sorrowing for a lost child. The jurors might well have discounted the testimony of Lockamy and Suitt in a material manner had they been informed that these witnesses were pecuniarily interested in the conviction of the defendant. This being true, the exclusion of the facts relating to the civil actions brought by Lockamy and Suitt against the defendant constituted prejudicial error, necessitating a new trial.

Since the other challenged rulings may not recur on the retrial of the cause, we omit consideration of them.

New trial.