## STATE v. BILL ROWELL.

(Filed 6 June, 1956.)

**Criminal Law § 42c: Evidence § 22: Automobiles § 58—**

In this prosecution for manslaughter in the death of a passenger in defendant's truck, killed in a collision with another truck, the driver of the other truck testified for the State, and defendant was precluded from eliciting testimony from the witness on cross-examination to the effect that he was then being sued by the estate of the deceased for wrongful death. *Held:* The exclusion of the testimony tending to show the bias or interest of the witness is prejudicial error. *S. v. Hart,* 239 N.C. 709, cited as controlling, there being no difference in principle in a witness suing to recover in another action and a witness being sued for like amount in another action.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Mallard, J.,* at October-November Criminal Term 1955, of ROBESON.

Criminal prosecution upon a bill of indictment charging defendant with involuntary manslaughter in connection with death of one William Ivey from injuries sustained in a collision between pick-up motor truck operated by defendant, in which Ivey was riding, and a large motor truck operated by Wiley Goins.

The record discloses that upon trial in Superior Court the State offered evidence tending to support the charge against defendant. Among the witnesses for the State Wiley Goins testified, and while under cross-examination was asked this question: "You are now being sued by the estate of W. E. Ivey for $25,000 damages for the wrongful death of W. E. Ivey, are you not?" Objection by the State was sustained, and the witness, in the absence of the jury, was permitted to say: "I got the paper that said so."

To the ruling of the court in excluding the foregoing testimony the defendant excepts. Exception No. 1.

Defendant offered evidence, and as witness in his own behalf gave testimony tending to exculpate him from the charge.

The case was submitted to the jury on testimony so offered, under charge of the court, and the jury returned a verdict of "Guilty as charged in the Bill of Indictment."

And to judgment pursuant to verdict, defendant excepted, and appeals to Supreme Court and assigns error.

*Attorney-General Rodman, Assistant Attorney-General Love, and Harvey W. Marcus, Staff Attorney, for the State.*

*Hackett & Weinstein and L. J. Britt & Son for Defendant, Appellant.*

WINBORNE, J. The assignment of error most stressed by appellant on this appeal is based upon Exception No. 1 to the exclusion of the evidence as above set forth. In this connection, "Cross-examination of an opposing witness for the purpose of showing his bias or interest is a substantial legal right, which the trial judge can neither abrogate nor abridge to the prejudice of the cross-examining party." So declared this Court, in opinion by *Ervin, J.,* in *S. v. Hart,* 239 N.C. 709, 80 S.E. 2d 901.

It is also stated in the *Hart case* that "A party to an action or proceeding, either civil or criminal, may elicit from an opposing witness on cross-examination particular facts having a logical tendency to show that the witness is biased against him or his cause, or that the witness is interested adversely to him in the outcome of the litigation," citing cases, and that "under this rule, a witness for the prosecution in a criminal case may be compelled to disclose on cross-examination that he has brought, or is preparing to bring a civil action for damages against the accused based on the acts involved in the criminal case," citing cases.

The Attorney-General for the State admits that if the *Hart case* cannot be distinguished on the facts, the above exception and the ruling thereon is error. But the Attorney-General here contends that the factual situation in the *Hart case* is distinguishable from that in the present case. Nevertheless, it is said that "The State admits that: (1) If the estate of W. E. Ivey, Jr., actually goes on trial against the truck driver, Wiley Goins, and (2) if the defendant testifies in the civil action, and (3) if he testifies for the plaintiffs in the civil action, then it is possible that the conviction of the defendant would have some effect upon his credibility as a witness since former conviction can be made the basis of impeachment."

Moreover, it seems that the probability of bias from interest if the witness were suing for recovery of damages in sum of $25,000, on the one hand, and if he were being sued for like amount on the other hand, both arising out of the occurrence for which defendant is charged with crime, presents a difference without a distinction in principle.

And paraphrasing the *Hart case,* the jurors might well have discounted the testimony of the witness Goins in a material manner had they been informed that he was pecuniarily interested in the conviction of the defendant. This being true, the exclusion of the facts relating to the civil action brought against Goins constitutes prejudicial error, for which there must be a

New trial.

JOHNSON, J., took no part in the consideration or decision of this case.