STATE *v.* KIRK.

---

## STATE v. ERNEST KIRK, JR.

(Filed 6 November 1963.)

**Criminal Law § 111—**

> Where defendant introduces evidence of ill will between himself and his brother-in-law, the deputy sheriff who arrested him for drunken driving and the principle witness for the State, it is error for the court, after charging on defendant's contentions that the prosecution arose out of a family dispute, to charge that the jurors should disabuse their minds of any family connection and all that had been said about the family connection, since the evidence of bias of the witness was proper for the consideration of the jury in passing upon his credibility.

APPEAL by defendant from *McConnell, J.*, 22 July 1963 Session of RICHMOND.

Criminal prosecution upon a warrant charging defendant with unlawfully operating an automobile upon a highway within the State while under the influence of intoxicating liquor, heard on appeal from a conviction and sentence by the Richmond County special court.

Plea: Not guilty. Verdict: Guilty as charged.

From a sentence of imprisonment, defendant appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Richard T. Sanders for the State.*

*Leath, Blount & Hinson for defendant appellant.*

PER CURIAM. The State's evidence shows the following: James Harding, a deputy sheriff of Richmond County, whose sister defendant

married, on 1 June 1963 was driving an automobile on Highland Pines Road between the towns of Rockingham and Hamlet. He met the defendant, who was driving across the center line and on the shoulder and back on the pavement. He turned around to stop him. Defendant turned into Dawkins Street, ran over some shrubbery in a man's yard, and then ran into a tree which stopped him. Harding came up, put him in his car, and carried him to jail. Defendant had a strong odor of alcohol on his breath, staggered on his feet, and in Harding's opinion was drunk. Deputy Sheriff Cockman saw Harding put defendant in jail, and, in his opinion, defendant was drunk.

Defendant offered evidence as follows: He had been drinking earlier in the day, but was not drunk when arrested. He was not driving the truck. One Sellars was in the truck with him and was driving. There has been ill will between him and his brother-in-law Harding for a long time. His wife, to whom he had been married 19 years, told him the reason they could not get along was because of her family. Every time his wife went to her family's home they would brainwash her, like they did in Korea. His wife had him indicted once for an assault, and her brother talked her into it. About 2:20 p.m. on 1 June 1963 his wife came home after work. He had had something to drink. She stayed about ten minutes and went to her brother's house for help.

The court in its charge stated the contentions of defendant substantially as follows: Defendant contends this is a family affair; Deputy Sheriff Harding, his brother-in-law, had it in for him. He was not drunk. He had been drinking that morning at 11:00 a.m., and he and his wife had some dispute. She went to her brother, and for that reason Harding was out looking for him, was mad with him, and had ill feeling against him. He was not intoxicated and was not driving the truck. Then the court instructed the jury, which defendant assigns as error, "Now, you should disabuse your minds, if you can, of any family connection and all the things said about the family connection." Defendant further assigns as error this part of the charge: "This has been a difficult case. As I stated, there was some family connection."

Defendant contends that the first challenged part of the charge, quoted above, was to the effect, and was so understood by the jury, that they should not consider any bias or prejudice or ill will on the part of his brother-in-law Harding against him in weighing his testimony, that without Harding's testimony the State's evidence was not sufficient to carry the case to the jury, and that this challenged part of the charge was not only highly prejudicial, but disastrous. This assignment of error to the charge is good.

The Court, in an opinion by Ervin, J., said in *S. v. Hart*, 239 N.C. 709, 80 S.E. 2d 901:

"Truth does not come to all witnesses in naked simplicity. It is likely to come to the biased or interested witness as the image of a rod comes to the beholder through the water, bent and distorted by his bias or interest. The law is mindful of this plain psychological principle when it fashions rules of evidence to aid jurors in their search after truth. As a consequence, the law decrees that 'any evidence is competent which tends to show the feeling or bias of a witness in respect to the party or the cause,' and that jurors are to consider and weigh evidence of this character in determining the credibility of the witness to whom it relates. *S. v. Sam*, 53 N.C. 150."

For error in the charge it is ordered that there be a
New trial.