1. Plaintiff alleged that the rented to defendant a tract of land in 1895 — plaintiff to furnish supplies, defendant to cultivate crop, and that defendant failed to comply with the terms of the lease.
2. Plaintiff demanded that the comply with the terms or quit, (425) and defendant thereupon expressly agreed to surrender and deliver up the premises, provided the crop was not worked according to agreement; and thenceforward defendant failed to comply, and declined to permit plaintiff to cultivate, the crop and save it from loss or damage, whereupon plaintiff demanded possession and brought suit.
3. Plaintiff furnished supplies to defendant in excess of the value of defendant's interest in the crop, the said value having been decided by reference to W. Hanner and M. C. Caldwell, by agreement between plaintiff and defendant.
4. That defendant damaged plaintiff by reason of his failure to cultivate the crop, about $30. Wherefore plaintiff demanded judgment for possession and damages, etc.
Defendant, answering, denied allegation in first paragraph of complaint, except as to the renting and furnishing of supplies.
2. Denied allegations in second paragraph, except as to agreement that plaintiff might cultivate crop, and that he brought suit.
3. Denied allegations in paragraphs 3 and 4. And further answering he averred that he fully complied with contract, and while in possession the plaintiff instituted suit against him without just cause, and he was ejected from the premises and thrown out of employment for himself and family, without a place to shelter them, one of his children being seriously sick at the time, and that plaintiff took possession and received the proceeds of the crop to his own use without paying defendant anything for his labor, and that thereby he had been damaged $200. Wherefore he demanded judgment, etc.
"Issues: 1. Was defendant willfully and wrongfully removed from premises? Ans. `No.'
"2. What amount is due plaintiff for advancements to defendant (426) on his crop? Ans. `$49.69.'
"3. What was the value of defendant's interest in the crop? Ans. `$45.' *Page 256 
"4. What damage is defendant entitled to recover by reason of his wrongful removal, over and above his interest in the crop? Ans. `Cathey, supplies, $49.69; value of defendant's interest in crop, $45; balance due Cathey $4.69.'"
On the first issue the Court charged the jury that a landlord had no right to eject a tenant simply because the crop was not worked to his own notion. To warrant such procedure there must be some breach of agreement which, by the terms of the contract, was to forfeit the lease; that if plaintiff and defendant, after agreement to surrender the original lease and arbitrate, had entered into a new agreement by which defendant had agreed to vacate premises unless the land was properly worked, and defendant willfully failed thereafter to properly work and was ejected for that reason, then the ejectment was rightful, and the jury should answer the first issue "No." Defendant excepted. But if defendant had worked properly, and if the neglect was caused by plaintiff's failure to comply with his contract and furnish sufficient supplies to defendant, then defendant was in no default, and the jury should answer the issue "Yes."
In reciting the evidence to the jury on the question as to whether defendant had willfully failed to work the land after the new agreement, the Court stated that the only evidence for defendant which the Court could recall was evidence of the defendant and his wife, and recited the evidence of them and the other witnesses as the Court recalled it. Defendant's counsel did not except to this at the time, but did except on the motion for a new trial and before the judgment was (427) signed.
When defendant was being examined as a witness he was asked by the plaintiff, and properly cautioned, if he had not told one Allison, after this suit had begun and a short time before plaintiff's barn was burned, that he wished he could see the plaintiff's house on fire and the plaintiff burned up in it. Defendant denied ever having made any such statement. Plaintiff was then permitted to show by witness Allison, over defendant's objection, that defendant had made such statement to him, and defendant excepted. Verdict for plaintiff. Motion for new trial for alleged errors in charge and for errors in ruling on questions of evidence. Motion overruled, defendant excepted and appealed from the judgment rendered.
The answer of a witness to a collateral question, drawn out on cross-examination, is ordinarily conclusive; but this is subject to the *Page 257 
exception that when, as in this case, the impeaching or collateral question is as to a declaration of the witness and is asked to show the temper, bias or disposition of the witness, and he is given the time and place of the alleged declaration, the opposite party is not bound by the answer, but may contradict him by other evidence. 1. Greenleaf Ev., sec. 450; S. v.Patterson, 24 N.C. 346; Jones v. Jones, 80 N.C. 246.
When the judge fails or omits to recapitulate any portion of the evidence which a party deems material, he must call it to the judge's attention at the conclusion of the charge, that he may have opportunity to correct the omission. It is too late to except to the omission for the first time after verdict. S. v. Grady, 83 N.C. 643; S. v. (428)Reynolds, 87 N.C. 544.
The exception to the charge, in the particular specified, is also without merit.
NO ERROR.
Cited: S. v. Murray, 139 N.C. 545.