IN THE MATTER OF JOHN GAMBLE, RESPONDENT.

(Filed 23 May, 1956.)

1. Evidence § 22—

Ordinarily, the answers of a witness to questions relating to collateral matters, asked on cross-examination for the purpose of impeachment, are conclusive, and may not be contradicted by other evidence, but this rule

does not obtain when the questions tend to impeach the impartiality of a witness by showing bias, interest, prejudice, etc., since such questions are not irrelevant to the issue in the sense that the cross-examiner is concluded by the answer.

**2. Same—**

The exclusion of evidence which would clearly show bias, interest, prejudice, etc., on the part of a witness is erroneous and may be ground for a new trial.

**3. Same—Exclusion of evidence tending to show bias and interest of witness held prejudicial error.**

In this proceeding to have respondent declared incompetent to manage his own affairs and to set aside conveyances executed by him, petitioner testified on cross-examination that his motive was not to have the conveyances set aside to preserve the property of respondent, his uncle, so that petitioner could inherit the property under his uncle's will. *Held:* Respondent was not concluded by the answer of the witness, and it was error for the court to exclude the paper writing prepared as a testamentary disposition of respondent's property and filed in the office of the Clerk of the Superior Court for safekeeping, sought to be introduced to impeach the credibility of petitioner as a witness by showing his bias or interest and for the purpose of cross-examining petitioner in regard thereto. This result is not affected by G.S. 8-89 or G.S. 31-11.

**4. Appeal and Error § 39—**

The burden is upon appellant to show prejudicial error.

**5. Appeal and Error § 41—**

Ordinarily appellant fails to show that the exclusion of evidence was prejudicial when he fails to make it appear of record what the excluded evidence would have been.

**6. Same—**

Where appellant is precluded by the lower court from disclosing the contents of a sealed envelope or introducing the instrument in evidence, but the record nevertheless makes it appear that the instrument was competent to show prejudice of petitioner as a witness and for the purpose of cross-examination, the rule that the exclusion of evidence cannot be held prejudicial unless the record shows what the excluded evidence would have been does not apply upon the particular facts.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by respondent from *Clarkson, J.,* October Civil B Term 1955 of MECKLENBURG.

Petition filed by J. Arthur Gamble, a nephew, before the Clerk of the Superior Court, pursuant to G.S. 35-2, to inquire into the mental state of his uncle John Gamble, allegedly incompetent from want of understanding by reason of physical and mental weakness on account of old age to manage his own affairs, and to appoint a trustee for him.

The respondent filed an answer denying the allegations of the petition that he was incompetent from want of understanding to manage his own affairs, though he is 89 years of age, and asking that the prayer of the petition be denied, and that the proceeding be dismissed.

The issue raised by the petition and answer was submitted to a jury in a hearing presided over by the Clerk of the Superior Court, and the jury having heard the evidence found for their verdict that the respondent was incompetent from want of understanding to manage his own affairs. Whereupon, the clerk entered judgment that a trustee be appointed to manage the estate of John Gamble, and the respondent appealed to the Superior Court.

In the Superior Court the matter at issue was tried *de novo* before a jury. This issue was submitted to the jury: "Is the said John Gamble incompetent from want of understanding to manage his own affairs?" The jury answered the issue Yes. Judgment was entered in accord with the verdict, and the proceeding was remanded to the Clerk of the Superior Court of Mecklenburg County for further proceedings as provided by law.

The respondent appealed to the Supreme Court, assigning error.

*William H. Booe and Blakeney & Alexander for Petitioner, Appellee.*

*Sedberry, Clayton & Sanders and Hugh M. McAulay for Respondent, Appellant.*

PARKER, J.   The petition filed herein on 1 August 1955 by J. Arthur Gamble, a nephew of the respondent John Gamble, alleges that John Gamble is incompetent from want of understanding by reason of physical and mental weakness on account of old age to manage his affairs, that recently he has committed great waste of his estate by purported sales and conveyances of his property and by gifts of substantially all his money, and prays that a trustee be appointed to preserve his estate and to recover this property.

Petitioner's evidence tends to show that on 26 March 1955 the respondent conveyed by three deeds all of his real estate to Carrie Donaldson Knox as gifts, subject to a life estate in all the property reserved to himself. John Gamble, who was examined as a hostile witness by petitioner, testified that he had raised Carrie Donaldson Knox from a child two years old, that she had lived with him 20 or 25 years, and had done more for him than all his kinsfolk put together.

The petitioner J. Arthur Gamble testified as a witness in behalf of the petition. On recross-examination he testified as follows: He did not know whether his Uncle John had made a last will and testament in which he left substantially all his property to him and his brother

James.  He doesn't remember that he testified in the other hearing that that was true.  He and his brother brought John Gamble to Mr. Alexander's office, that he knew his Uncle did have a will, and he knew that John Gamble left something with Mr. Alexander for Mr. Alexander to deposit with the Clerk of the Superior Court.  He believes the will was written by a lawyer in Statesville, but he was not present when it was written, and does not know its contents.  On cross-examination Arthur Gamble testified: "My whole purpose is not to try to get my old uncle declared mentally incompetent, then to have a proceeding brought through a trustee to set aside the deeds to Carrie Donaldson Knox, so that I and my brother can get that land.  I am just looking after his interest in it.  I want some way to take care of his interest in the land for his benefit, not mine."  Later on in the trial Arthur Gamble was recalled as a witness, and testified: "I know that something was deposited with the Clerk of the Court called a will, but I do not know the contents of it."

Henry Washam, a witness for the respondent, testified that in the hearing before the Clerk of the Superior Court he heard J. Arthur Gamble testify to the following: "Well, this will was brought up, he mentioned that he and his brother James, about them being on that will. I can't remember whether Arthur said he read the will or not.  What I heard him say was that he and his brother James were mentioned in the will."

The petitioner read to the jury a transcript of the testimony of John Gamble, the respondent, when he was examined as an adverse witness by petitioner in the hearing before the Clerk.  The Court allowed it to be read for the purpose of showing John Gamble's mental condition at the time.  This appears in his direct examination by Mr. Alexander, counsel for petitioner:

> "Q.  Yes, sir; well, now, let's go back to 1940 and 1944 and in there; did you make a will back in those days leaving everything to Arthur?  A. Not as I know of.  Q.  You don't recall it at all?  A. No, sir.  Q.  Do you recall bringing that will to me in my office, yourself, and handing it to me, and asking me to deposit it in the will depository in the Office of the Clerk of Superior Court several years ago?  No answer."

After the jury was impaneled the respondent made a motion that the Clerk of the Superior Court of Mecklenburg County be permitted or required to deliver to the respondent a will of John Gamble filed with him for safekeeping.  Counsel for respondent stated that a subpoena *duces tecum* had been issued for the Clerk requiring him to bring the will in court: that the respondent had gone to the Clerk and asked him

to deliver the will to him, which the Clerk declined to do on the ground that he was required to bring the will in court in compliance with the subpoena *duces tecum*. Upon objection by petitioner the court, in its discretion, denied the motion to allow respondent's counsel to examine the paper writing filed with the Clerk on 1 July 1952 having written on the face of the sealed envelope with a typewriter "Will of John Gamble." The respondent excepted, and assigns this as error. Respondent then made a motion that he be allowed to examine the contents of the sealed envelope. The court denied the motion, holding as a matter of law that the paper writing is incompetent, and would not be admitted in evidence. The respondent excepted, and assigns this as error. Respondent then moved that he be permitted to examine the will, but let it remain in the custody of the court. The court denied this motion, and respondent excepted, and assigns it as error.

When nearly all the evidence had been introduced, J. Lester Wolfe, Clerk of the Superior Court of Mecklenburg County, was called as a witness by the respondent. A subpoena *duces tecum* signed by the presiding judge was served on him by the Sheriff. Respondent's counsel asked him this question: "Mr. Wolfe, do you have any papers at all belonging to Mr. John Gamble, or any papers that were delivered to you on behalf of John Gamble for safekeeping?" The witness replied: "I do. What I have is a sealed envelope. I have that in my possession." Court: "What does it have on the outside of it, Mr. Wolfe?" Answer: "It just says 'Will,' written at the top, 'John Gamble.' It's typewritten." Mr. Wolfe testified that he also had some deeds and other things of John Gamble, which had been put in evidence. The respondent offered the subpoena *duces tecum* in evidence. Petitioner objected, and moved that it be quashed. The court allowed petitioner's motion, and the respondent excepted, and assigns error. Respondent then moved for permission of the court to inspect the paper in the sealed envelope which the Clerk had in his possession. The motion was denied, and the respondent excepted and assigns this as error. The respondent then moved that he be permitted to make a copy of this paper. The court denied the motion, and the respondent excepted, and assigns error. The court said it denied the motions in its discretion.

The petitioner J. Arthur Gamble testified that he and his brother James brought his Uncle John Gamble to Mr. Alexander's office, that he knew his Uncle had a will, and left something with Mr. Alexander, for Mr. Alexander to deposit with the Clerk of the Superior Court. He also testified he knew something was deposited with the Clerk of the Court called a will. Henry Washam testified that in the hearing of this proceeding before the Clerk of the Superior Court J. Arthur Gamble testified that he and his brother James were mentioned in the will. It

is also significant that Mr. Alexander, counsel for petitioner, in examining John Gamble as a hostile witness in the hearing before the Clerk asked him didn't he in 1940 or 1944 "and in there" make a will back in those days leaving everything to Arthur Gamble. John Gamble, now 89 years old, replied not as I know of. It appears that John Gamble had forgotten the contents of the will inquired about, which he had left with Mr. Alexander to deposit with the Clerk. Petitioner did all he could, and successfully, to keep from the knowledge of the jury the contents of this will. It seems that respondent can draw the fair inference from the evidence that petitioner knew the contents of the will, and that he was named therein as sole, or a principal, devisee and legatee, and that his principal object in bringing this proceeding was to have his Uncle declared incompetent and to set aside the deeds to Carrie Donaldson Knox, so that he could inherit under the will. The petitioner, on cross-examination by respondent's counsel, denied that his whole purpose in bringing this proceeding was to try to get his old Uncle declared mentally incompetent, then to have a proceeding brought through a trustee to set aside the deeds to Carrie Donaldson Knox, so that he and his brother James could get John Gamble's lands, and asserted that his purpose was to protect John Gamble's interest, not his.

These questions arise: One, was the answer of petitioner, that it was not his purpose in bringing the proceeding to get his old Uncle declared mentally incompetent, and then to have a proceeding brought by a trustee to set aside the deeds to Carrie Donaldson Knox, so that he and his brother could get the lands of his Uncle, but to take care of his Uncle's interests, conclusive, and could not be contradicted by other evidence? Two, did the refusal of the Court to permit respondent to open and see the contents of the sealed envelope, marked Will of John Gamble, filed with the Clerk, impair, if not prevent, a reasonable cross-examination of petitioner by respondent's counsel as to petitioner's pecuniary interest in the proceeding for the purpose of impeaching his credibility as a witness?

Ordinarily, the answer of a witness on cross-examination concerning collateral matters for purposes of impeachment is conclusive, and he may not be contradicted by other evidence. *S. v. Patterson*, 24 N.C. 346; *Clark v. Clark*, 65 N.C. 655; *Burnett v. R. R.*, 120 N.C. 517, 26 S.E. 819; *S. v. Roberson*, 215 N.C. 784, 3 S.E. 2d 277; 3 Jones on Evidence, Civil Cases, 4th Ed., Sec. 827. However, the rule seems to be well settled that, on cross-examination, questions which tend to impeach the impartiality of a witness, *e.g.* bias, interest, favor, animus, hostility, prejudice, disposition, in relation to the cause or the parties, are not irrelevant to the issue in the sense that the cross-examiner is concluded by the answer. His answers as to such matters are not deemed con-

clusive, and may be contradicted by other evidence. *S. v. Patterson, supra; Cathey v. Shoemaker,* 119 N.C. 424, 26 S.E. 44; *Scales v. Lewellyn,* 172 N.C. 494, 90 S.E. 521; *S. v. Hart,* 239 N.C. 709, 80 S.E. 2d 901; 5 Jones, Commentaries on Evidence, 2d Ed., pp. 4614-15; 3 Jones on Evidence, Civil Cases, 4th Ed., Sections 828-829; 2 Wigmore on Evidence, 2d Ed., Sec. 948. A trial would have 'little safety and be unduly perilous, if an unscrupulous witness could conclude the adverse party by his statements denying his prejudice or interest in the controversy.

This Court said in *S. v. Roberson, supra:* "Latitude is allowed in showing the bias, hostility, corruption, interest or misconduct with respect to the case or other facts tending to prove that the testimony of the witness is unworthy of credit." This is sound law for the range of external circumstances from which probably bias, interest, prejudice, etc. may be inferred is infinite. Too much refinement in analyzing and classifying their probable effect is out of place. Accurate rules would seem impossible to state, and if possible, usually undesirable. In general, the circumstances should have some clearly apparent force, as tested by experience of human nature, and should not be too remote or uncertain. 2 Wigmore on Evidence, 2d Ed., Sec. 949.

If evidence which would clearly show bias, interest, prejudice, etc. on the part of a witness is excluded by the Court, it is error, and may be ground for a new trial. *S. v. Roberson, supra;* 3 Jones on Evidence, Civil Cases, 4th Ed., Sec. 829.

Cross-examination is the right of the party against whom a witness is called, and the right is a valuable one as a means, among other things, of testing the impartiality of the witness as to whether he is biased or influenced by interest in respect to the cause or parties. The *Ottawa v. Stewart,* 3 Wall. 268, 18 L. Ed. 165, 167. It is the essence of a fair trial that reasonable latitude be given the cross-examiner, even though he cannot state to the court what facts a reasonable cross-examination might develop.

It seems clear that the object of respondent's counsel in seeking to open and examine the sealed envelope, marked "Will of John Gamble," was for the purpose of impeaching the credibility of the testimony of petitioner, by cross-examining petitioner in respect to his pecuniary interest as a devisee and legatee under the will, and by introducing it in evidence to show that he was a devisee and legatee under the will, as tending to show the pecuniary interest of petitioner in the proceeding, in that, if he could have John Gamble declared incompetent, and could set aside the deeds to Carrie Donaldson Knox, he would obtain all, or a large part, of John Gamble's property under his will made several years before and not to be successfully assailed on the ground of lack

of mental capacity of the testator. It is a well known rule of appellate practice that the burden is upon the appellant to show prejudicial error. *Johnson v. Heath,* 240 N.C. 255, 81 S.E. 2d 657. As a general rule, the exclusion of evidence cannot be reviewed on appeal, when the record does not disclose what the excluded evidence would have been, so that the appellate court can determine whether or not its exclusion was prejudicial. *S. v. Poolos,* 241 N.C. 382, 85 S.E. 2d 342; 4 C.J.S., Appeal and Error, pp. 580-583; 3 Am. Jur., Appeal and Error, Sec. 354.

However, in this proceeding the appellant could not place in the record the contents of the sealed envelope, marked "Will of John Gamble," because by the court's rulings he could not open the sealed envelope and inspect its contents—the court quashed his subpoena *duces tecum* served upon the Clerk—and he could not show the contents of the will orally by John Gamble, who apparently had forgotten about it. That the sealed envelope contained a will of John Gamble seems clear. The court's rulings impaired respondent's right to a reasonable cross-examination of petitioner as to his interests under the will, a subject tending to show his interest in the proceeding, and prevented respondent from offering the will in evidence for the same purpose. It cannot be said that the court's rulings in refusing the motions of respondent to inspect the will in the sealed envelope are harmless error. The rulings permitted petitioner to represent himself to the jury as a nephew solely interested in protecting and recovering his old Uncle's property for his old Uncle, and not for his own hoped for benefit. The jury might well have discounted petitioner's evidence, if it had appeared that he was the sole, or a principal, devisee and legatee under his old Uncle's will executed several years before. In *Alford v. U. S.,* 282 U.S. 687, 75 L. Ed., 624, the Court said: "Prejudice ensues from a denial of the opportunity to place the witness in his proper setting and put the weight of his testimony and his credibility to a test, without which the jury cannot fairly appraise them."

We still adhere to the general rule stated in *S. v. Poolos, supra,* that to present a question for review the excluded evidence must appear in the Record, but we do not think that it should be applied to the particular facts presented here, where it seems plain that the sealed envelope contains a will of John Gamble, which he left with Mr. Alexander to file with the Clerk, and where it appears that petitioner knew a will of his Uncle was deposited with the Clerk, that Henry Washam testified that in the hearing before the Clerk petitioner testified he and his brother James were mentioned in the will, and that Mr. Alexander, petitioner's counsel, asked respondent in 1940 and 1944 and in there "did you make a will back in those days leaving everything to Arthur," and when the efforts of respondent to open the sealed envelope and

inspect the will were to impeach the credibility of petitioner's testimony on the ground of interest in the proceeding.

Petitioner in his brief relies upon G.S. 8-89—Inspection of Writings—to support the court's rulings. It does not apply here. Petitioner further relies upon G.S. 31-11, which permits persons to file their wills with the Clerk of the Superior Court for safekeeping, and provides that the Clerk "shall, upon written request of the testator, or the duly authorized agent or attorney for the testator, permit said will or testament to be withdrawn from said depository or receptacle at any time prior to the death of the testator," and contends respondent has not complied with this statute. However, respondent was not seeking to withdraw his will, but merely to see and inspect it. The proviso of this statute provides that the contents of the will shall not be open to the inspection of any one other than the testator or his duly authorized agent until such time as the said will shall be offered for probate. The court's rulings prevented John Gamble and his counsel from inspecting his will, which the statute says he can do.

In our opinion, and we so hold, the ruling of the court denying respondent's motions to open the sealed envelope, marked "Will of John Gamble," and to inspect the will therein, so that it could be used by respondent's counsel as tending to impeach the petitioner as a witness on the ground of his pecuniary interest in the proceeding, necessitates a

New trial.

DEVIN, J., took no part in the consideration or decision of this case.