STATE v. DESMOND A. ROGERS, JR.

(Filed 18 September, 1957.)

**Robbery § 3—**

> Where defendant is charged with armed robbery, an instruction to the effect that defendant would be guilty as charged if the jury should find that he took property from the person of the prosecuting witness by violence or intimidation, must be held for prejudicial error in failing to instruct the jury as to the elements of armed robbery as distinguished from robbery at common law. G.S. 14-87.

APPEAL by defendant from *Parker, J.,* and a jury, at May Term, 1957, of DARE.

Criminal prosecution tried upon indictment charging the defendant with armed robbery in violation of G.S. 14-87.

The bill charges that on 29 October, 1956, the defendant "with the use of a dangerous weapon and implement, to wit, a long, metal, 5-cell flashlight," did endanger and threaten the life of Marvin E. Daniels and did rob him of the sum of $940.

The State's evidence tends to show that on the night in question the prosecuting witness Daniels was lying on a cot in his office near the wharf in Manteo; that his 5-cell flashlight was on a cabinet near the door; that the defendant suddenly came into the office, jumped on Daniels, hit him with the flashlight, choked him, threatened to kill him, and took from him his pocketbook containing about $940.

The jury returned a verdict of guilty as charged. From judgment imposing a prison sentence the defendant appeals.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*LeRoy & Goodwin, McCown & McCown, and F. V. Dunstan for appellant.*

JOHNSON, J. The defendant excepts to the following portion of the charge:

"So the Court instructs you that if the State of North Carolina has— which has the burden of proof to satisfy you from the evidence and beyond a reasonable doubt, has so satisfied you that at the time and place in question the defendant Desmond A. Rogers, Jr. took a certain amount of personal property, to wit, money, lawful money of U. S., from the person of Marvin Daniels or took the same in his presence without his consent or against his will, by violence, intimidation or putting him in fear, then it would be your duty to return a verdict of guilty as charged."

The vice in this instruction is that it directed the jury to return a verdict of guilty of armed robbery as charged in the bill of indictment upon a mere finding that he was guilty of common-law robbery. Armed robbery under our statute, G.S. 14-87, superadds to the minimum essentials of common-law robbery the additional requirement that the robbery must be committed "with the use or threatened use of . . . firearms or other dangerous weapon, implement or means, whereby the life of a person is endangered or threatened, . . ." See *S. v. Chase,* 231 N.C. 589, 58 S.E. 2d 364. True, an indictment for armed robbery will support a conviction of common-law robbery or assault where there is evidence of guilt of such lesser offenses. *S. v. Bell,* 228 N.C. 659, 46 S.E. 2d 834; G.S. 15-169 and 15-170. See also *S. v. McNeill,* 229 N.C. 377, 49 S.E. 2d 733. However, in the case at hand the trial court failed to instruct the jury as to the elements of armed robbery as distinguished from robbery at common law, and the jury were told to return one of only two verdicts, namely, guilty as charged or not guilty.

The defendant is entitled to a new trial. This being so, it is not necessary to discuss other exceptions brought forward by the defendant.

New trial.