STATE OF NORTH CAROLINA v. WILLIAM BAILEY, JR.

No. 58

(Filed 10 February 1971)

**1. Criminal Law § 88— impeachment of testimony given on cross-examination — bias or interest of the witness**

It was proper to allow a documents examiner to testify that a defense witness had written a letter attempting to bribe a State's witness, notwithstanding the examiner's testimony was offered to impeach the testimony of the witness on cross-examination that he had not written such a letter, since the examiner's testimony was competent to show the bias or interest of the witness.

**2. Criminal Law § 88; Witnesses § 8— impeachment of testimony given on cross-examination — bias of the witness**

The rule that a party is bound by a witness' answers on cross-examination as to a collateral matter does not apply when the answers tend to show bias, interest, or prejudice of the witness.

**3. Robbery § 5— armed robbery — instructions on force or intimidation — use of weapons or firearms**

In instructing the jury on the element of force or intimidation in armed robbery, the trial court's failure to charge at one point that the force or intimidation exercised must be caused by the use or threatened use of a dangerous weapon or firearm, *held* not prejudicial when the trial court charged on the use of weapons or firearms in his final instruction on armed robbery.

**4. Robbery § 5— armed robbery instructions — use of words "some weapon" — harmless effect**

In instructing the jury in an armed robbery prosecution, the trial court's use of the words "some weapon" rather than the statutory language "firearms or dangerous weapon" could not have misled the jury under the facts of the case, especially where the trial judge's further instructions mentioned that the defendant had used a pistol in the robbery.

**5. Robbery § 5— armed robbery — instructions on lesser offense of common law robbery — use of real pistol or toy**

The trial court in an armed robbery prosecution was required to charge the jury on the lesser included offense of common law robbery,

even in the absence of a request, where the prosecuting witness could not state on cross-examination whether the gun in defendant's hand was a real gun or a toy; the failure of the court so to charge was reversible error.

**6. Robbery § 1— critical difference between armed and common law robbery**

The critical and essential difference between armed robbery and common law robbery is that in order for the jury to convict for armed robbery the victim must be endangered or threatened by the use or threatened use of a firearm or other dangerous weapon.

APPEAL by defendant from *Bailey, J.*, 29 May 1970 Regular Criminal Session of WAKE County Superior Court. This case was docketed and argued as No. 95 at the Fall Term 1970.

Criminal prosecution on a bill of indictment charging defendant with armed robbery.

The evidence for the State tended to show that Loretta Williams, who knew the defendant from having worked with him at the Sir Walter Hotel, was working at the One Hour Valet Cleaners on 23 March 1970, the day of the robbery. Defendant, accompanied by "Piccolo" Davis, came to the cleaners about 2:40 p.m. and, while threatening her with a pistol, demanded the money in the register. Loretta gave him $84, and the two men fled. On cross examination Loretta testified: ". . . I don't know whether it was a real or toy pistol or whether it was metal or rubber."

Defendant was apprehended when he showed up for work at the Downtowner Motor Inn about 7:15 p.m. the same day. He told investigating officers Carroll and Day of the Raleigh Police Department that he had been taking heroin and wanted to go to the hospital. He was taken there about 7:55 p.m., and while waiting to see a doctor and after having been duly advised of his rights, he confessed to the robbery.

He told the officers that he divided the money with other persons involved and returned the .22 caliber pistol he used to its owner.

Defendant's evidence tended to show that he had spent the day in question drinking wine, "shooting" heroin, and shooting pool. He remembered nothing from the time he passed out about noon until he was awakened by friends and told it was time to go to work. He did not remember the robbery, but

remembered confessing because the officers kept asking him about the robbery. He did not remember being warned of his rights.

On *voir dire,* the trial judge found that the confession was freely, understandingly and voluntarily made, and that the defendant understood what he was doing at the time.

From a verdict of guilty as charged and sentence imposed, defendant appealed to the Court of Appeals. This case is before this Court pursuant to our general referral order effective 1 August 1970.

*Attorney General Morgan, Assistant Attorney General Eagles, and Staff Attorney Walker for the State.*

*James R. Rogers III, for defendant.*

BRANCH, Justice.

[1] Defendant first contends that the court erred in permitting the witness White to testify as to the authorship of a letter allegedly written by defendant's witness James McDougal. McDougal testified that he saw the defendant on the morning of the robbery, that the defendant was not himself, and that he appeared to be sick and in pain. On cross-examination McDougal testified that he wanted to help defendant but that he would not do anything dishonest to do so. He denied writing a letter purporting to be from him to the prosecutrix, Loretta Williams, offering her $200 not to identify defendant as the robber. Following this denial, the State, for the purpose of impeachment, called Philip White, a documents examiner for the North Carolina Bureau of Investigation, as a witness. Mr. White testified, over objection, that in his opinion the letter received by Loretta offering her $200 not to identify the defendant as the robber was written by McDougal. The defendant contends that the questions concerning the letter were on a collateral matter and that the State was bound by McDougal's answers.

[2] Ordinarily, a party is bound by the answer of the witness to a question asked on cross-examination as to a collateral matter. *In re Gamble,* 244 N.C. 149, 93 S.E. 2d 66; *State v. King,* 224 N.C. 329, 30 S.E. 2d 230; Stansbury, N. C. Evidence § 48 (2d ed., 1963) ; 7 Strong's N. C. Index 2d, Witnesses § 8, p. 704. However, to this general rule there are exceptions. The rule

does not apply when the questions tend to show bias, interest, or prejudice of the witness. *In re Gamble, supra; State v. Hart,* 239 N.C. 709, 80 S.E. 2d 901; *State v. English,* 201 N.C. 295, 159 S.E. 318; Stansbury, N. C. Evidence § 48 (2d ed., 1963); 7 Strong's N. C. Index 2d, Witnesses § 8, p. 705.

In *State v. English, supra,* defendant was charged with the murder of his wife. The wife's father testified for the defendant. The court held that evidence of the wife's father's attempt to bribe another witness was admissible to show the bias of the bribing witness for the defendant. The Court stated: "Exceptions were also taken to evidence tending to show that the father of the deceased woman, who was a witness for defendant, had attempted to bribe a colored man to implicate two other parties. These exceptions are not sustained. *S. v. Patterson,* 24 N.C. 346; *S. v. Beal,* 199 N.C. 278 [154 S.E. 604]."

Justice Ervin, in *State v. Hart, supra,* states the reason for the exception to the collateral matter rule as follows:

"Truth does not come to all witnesses in naked simplicity. It is likely to come to the biased or interested witness as the image of a rod comes to the beholder through the water, bent and distorted by his bias or interest. The law is mindful of this plain psychological principle when its fashions rules of evidence to aid jurors in their search after truth. As a consequence, the law decrees that 'any evidence is competent which tends to show the feeling or bias of a witness in respect to the party or the cause,' and that jurors are to consider and weigh evidence of this character in determining the credibility of the witness to whom it relates.

. . . . .

"Where a party cross-examines an adverse witness as to matters which tend to show the partiality of the witness for his adversary or the hostility of the witness toward him, the party is not bound by the answers of the witness denying partiality or hostility, but is at liberty to contradict the witness by the testimony of other persons disclosing such partiality or such hostility. (Citing cases.)"

[1] We hold that the testimony of the witness White was competent to show the bias or interest of defendant's witness McDougal.

Defendant assigns as error various portions of the trial judge's charge to the jury. The trial judge initially charged the jury on armed robbery as follows:

"Now ladies and gentlemen of the jury, the defendant in this case is charged with the crime of armed robbery. Armed robbery is the taking of personal property from another by the use of force or intimidation, and by means of a threat to the life of another, accompanied by the use of some weapon. This weapon must be in the possession of the accused at the time of the alleged offense. The State has the burden of convincing the jury beyond a reasonable doubt, one, that the accused took personal property from another or from the presence of another, in this case from the presence of another, in this case from the presence of Loretta Williams; two, that the accused used force or intimidation sufficient to create an apprehensive (sic) of danger; three, that the accused was in possession of and used or threatened to use some weapon and in fact threatened the life of the person from whom the property was taken, or from whose presence it was taken; and, finally, that the accused at the time of the taking, must have had the felonious intent to permanently deprive the owner of that property, and to convert it to his own use, or at least to some use besides that of the owner."

Later in the charge the trial judge further instructed the jury as follows:

"Ladies and gentlemen of the jury I charge you that if you find from the evidence and beyond a reasonable doubt, the burden being upon the State of North Carolina to so satisfy you, that on the 23rd day of March 1970, the accused, William Bailey, Jr., took personal property, in this case United States money, from Loretta Williams or from her presence, and if you further find that the accused William Bailey, Jr., at that time, used force or intimidation sufficient to create an apprehension of danger; and if you further find that at that time the accused was in possession of, and used or threatened to use some weapon, and in fact threatened the life of the victim; and you further find from the evidence and beyond a reasonable doubt that the accused at the time of the taking of the property, had in his mind the felonious intent permanently to deprive the

owner of that property and to convert it to his own use, or at least to the use of another; ...."

**[3]** Defendant contends that the court erred in its charge by stating that one of the elements of armed robbery was that "the accused used force or intimidation sufficient to create an apprehension of danger," without charging that the force or intimidation must be caused by the use or threatened use of a dangerous weapon or firearm, implement or means.

Robbery is the taking, with intent to steal, of personal property of another, from his person or in his presence, without his consent or against his will, by violence or intimidation. *State v. Smith,* 268 N.C. 167, 150 S.E. 2d 194. G.S. 14-87 does not add to or substract from the common law offense of robbery except to provide that when firearms or other dangerous weapons are used more severe punishment may be imposed. *State v. Smith, supra; State v. Stewart,* 255 N.C. 571, 122 S.E. 2d 355.

Defendant cites as authority *State v. Covington,* 273 N.C. 690, 161 S.E. 2d 140, and *State v. Rogers,* 246 N.C. 611, 99 S.E. 2d 803. In *Covington* the trial court charged defendants could be convicted if they " . . . used force or intimidation sufficient to create an apprehension of danger in the person from whom the property was taken . . . " , but failed to add the additional element required by the statute, "by the use or threatened use of firearms or other dangerous weapon, implement or means."

In *Rogers* the Court charged as to common law robbery and completely omitted any reference to the use of a weapon. Thus instant case is distinguishable from *Covington* and *Rogers* because here the trial judge in his final instruction on armed robbery added to the definition of common law robbery the following: " . . . and if you further find that at the time the accused was in possession of and used or threatened to use some weapon, and in fact threatened the life of the victim . . . . "

**[4]** Defendant further contends that the trial court's use of the words "some weapon" rather than "firearms or other dangerous weapon" constituted prejudicial error. The court, at the beginning of the charge, read the bill of indictment, which charged that William Bailey, Jr., " . . . having in his possession, and with the use and threatened use of firearms and other dan-

gerous weapon, implement and means, to wit, a pistol . . . " did feloniously steal, take and carry away United States money of the value of $85. Later, the trial judge stated that the prosecuting witness testified that defendant used a pistol in the robbery and that defendant in his statement to the officers admitted that at the time of the robbery he used a blue steel, white handle .22 caliber revolver or pistol. We do not approve the substitution of the words "some weapon" for the words of the statute, but under the facts of this case we do not think that, standing alone, the use of these words would be such as to misinform or mislead the jury.

[5] However, defendant's assignment of error to the failure of the trial court to instruct on and submit to the jury the lesser offense of common law robbery presents a more serious question.

The trial judge charged the jury that they could return a verdict of guilty as charged in the bill of indictment or a verdict of not guilty.

Common law robbery is a lesser included offense of armed robbery, and an indictment for armed robbery will support a conviction for common law robbery. When there is evidence of defendant's guilt of common law robbery, it is error for the court to fail to submit the lesser offense to the jury. *State v. Wenrich,* 251 N.C. 460, 111 S.E. 2d 582; *State v. Davis,* 242 N.C. 476, 87 S.E. 2d 906; *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545; *State v. Keller,* 214 N.C. 447, 199 S.E. 620.

In *State v. Hicks, supra,* it is stated:

" . . . The necessity for instructing the jury as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor. Hence, there is no such necessity if the State's evidence tends to show a completed robbery and there is *no conflicting evidence* relating to elements of the crime charged. Mere contention that the jury might accept the State's evidence in part and might reject it in part will not suffice."

State v. Bailey

Here, the State's witness Loretta Williams testified that defendant robbed her by use of a pistol. On cross-examination she said that she did not know whether it was a "real or toy pistol." The State offered defendant's confession, which contained a statement by defendant that he used a .22 caliber pistol to rob Loretta Williams. However, defendant testified before the jury that because of the effect of wine and heroin in his system he passed out about noon on the day the crime was committed and remembered nothing until he was awakened that night by friends. He specifically denied any recollection of the alleged robbery or the possession by him of a pistol.

This conflicting testimony raised an issue for the jury as to whether defendant had in his possession and used or threatened to use a firearm or other dangerous weapon to perpetrate the robbery.

[6] The critical and essential difference between armed robbery and common law robbery is that in order for the jury to convict for armed robbery the victim must be endangered or threatened by the use or threatened use of a "firearm or other dangerous weapon, implement or means." *State v. Covington, supra.*

Thus, the trial judge, even without request for special instructions, should have submitted the lesser offense of common law robbery to the jury under proper instructions. *State v. Covington, supra; State v. Keller, supra; State v. Rogers, supra;* 61 A.L.R. 2d 996.

We do not deem it necessary to discuss the other assignments of error since there must be a new trial for error in the charge.

New trial.