STATE OF NORTH CAROLINA v. JIMMY WAYNE SMITH

No. 745SC687

(Filed 18 December 1974)

**Robbery § 5— armed robbery — failure to submit lesser offenses**

The trial court in an armed robbery case did not err in failing to charge the jury on lesser included offenses where the State's evidence tended to show that defendant committed the crime of armed robbery and defendant's evidence tended to show that he committed no crime at all.

APPEAL by defendant from *Wells, Judge,* 25 February 1974 Session of Superior Court held in NEW HANOVER County. Heard in the Court of Appeals on 13 November 1974.

This is a criminal prosecution wherein the defendant, Jimmy Wayne Smith, was charged in a bill of indictment, proper in form, with armed robbery. The State offered evidence tending to show the following:

On 15 January 1974 Ira Lee Davis met the defendant and Patricia Wilkens (co-defendant) in a bar on Front Street in Wilmington, N. C. Later that night while Davis, the defendant, and Wilkens were riding around Wilmington, the defendant "put a knife" to Davis' throat and told him, "Don't try nothing, and you won't get hurt." Defendant then directed Davis to drive to a deserted spot in Brunswick County where, after tying Davis' hands and feet and removing his shoes, he and Wilkens took Davis' wallet containing $6.00 in cash. After taking Davis' wallet and money, the defendant cut Davis across the chest and on the chin with a "sharp object" and said, "You S.O.B. I ought to kill you." The defendant and Wilkens then drove away in Davis' automobile.

Defendant Smith offered no evidence, however, defendant Wilkens testified that Davis voluntarily drove to the deserted spot in Brunswick County. She further testified that Davis indicated he had a gun and began acting as if he were going to rape her. At this point, defendant Smith protected her by pulling a knife on Davis and threatening him with it. She denied taking Davis' money and stated that the defendant did not cut Davis with the knife.

From a verdict of guilty as charged and a judgment imposing a prison sentence of six (6) to ten (10) years, defendant appealed.

*James H. Carson, Jr., Attorney General, by Assistant Attorney General Walter E. Ricks and Associate Attorney Wilton Ragland, for the State.*

*James K. Larrick for the defendant appellant.*

HEDRICK, Judge.

The one question argued on this appeal is whether the trial judge erred in failing to charge the jury on the lesser included offenses of armed robbery. Our Supreme Court in *State v. Hicks*, 241 N.C. 156, 159, 84 S.E. 2d 545, 547 (1954), has set forth the rule for determining when an instruction on a lesser included offense must be given: "The necessity for instructing the jury

as to an included crime of lesser degree than that charged arises when and only when there is evidence from which the jury could find that such included crime of lesser degree was committed. The *presence of such evidence* is the determinative factor."

All of the State's evidence in this record tends to show that the defendant committed the crime charged in the bill of indictment. The evidence of Wilkens tends to show that the defendant committed no crime at all. Since the State's evidence shows that an armed robbery was committed and there is no conflicting evidence relating to the elements of the crime charged, there was no necessity for the trial judge to instruct the jury on the lesser included offenses of armed robbery. *State v. Hicks, supra.*

The defendant had a fair trial free from prejudicial error.

No error.

Judges BRITT and MARTIN concur.