: STATE OF NORTH CAROLINA v. HAYWOOD JACKSON

No. 7519SC591

(Filed 3 December 1975)

1. **Constitutional Law § 30— speedy trial — trial nine months after arrest**
   Defendant was not denied his constitutional right to a speedy trial on an armed robbery charge where he was tried nine months after his arrest, defendant made no motion for a speedy trial, and there was no showing that the delay was purposeful or oppressive or that it could have been avoided by reasonable effort on the part of the State.

2. **Robbery § 5— armed robbery — error in failure to charge on common law robbery**
   The trial court in an armed robbery case erred in failing to charge on the lesser offense of common law robbery where the robbery victim was not sure whether defendant actually had a weapon and there was no other evidence of a weapon.

APPEAL by defendant from *Crissman, Judge.* Judgment entered 27 February 1975 in Superior Court, ROWAN County. Heard in the Court of Appeals 22 October 1975.

Defendant was tried on an indictment charging armed robbery. Woodrow W. Oates, owner-manager of Woody's Food Store, testified for the State. Mr. Oates' testimony tended to establish that on 29 May 1974 the defendant, dressed as a woman and accompanied by a man, came into Woody's Food Store and purchased a soft drink. Later after the store was closed, defendant and his companion came to the door of the store and asked Mr. Oates could they come into the store in order to buy "some sugar and some lard." Mr. Oates recognized the couple as the persons who had just left the store and let them in. Once in the store the defendant and his companion told Mr. Oates, "We want all the money in that register, this is a stickup." Oates testified that the defendant had "something under a towel that looked like a pistol or sawed off shotgun." On cross-examination Oates stated that he did not know what kind of weapon defendant had or whether it was a weapon because it was covered with a towel.

Defendant offered evidence tending to establish that he was at Piedmont Drag Strip at the time of the robbery. The jury returned a verdict of guilty of armed robbery. From a judgment imposing a prison sentence, defendant appealed to this Court.

State v. Pierce

*Attorney General Edmisten, by Associate Attorney Thomas M. Ringer, Jr., for the State.*

*William G. Pfefferkorn and Beirne Minor Harding for defendant appellant.*

ARNOLD, Judge.

[1] We reject defendant's argument that he was denied his constitutional right to a speedy trial. His trial was almost nine months following arrest. He made no motion for a speedy trial, and there is no showing that any delay was purposeful or oppressive, or that it could have been avoided by reasonable effort on the part of the State. *State v. Frank,* 284 N.C. 137, 200 S.E. 2d 169 (1973).

[2] Defendant contends that the trial court erred in failing to charge the jury on the lesser included offense of common law robbery. We agree. In an armed robbery prosecution where there is no other evidence of a weapon, and the robbery victim is not sure whether defendant actually had a weapon, it is error for the trial judge to fail to charge on the lesser offense of common law robbery. *State v. Bailey,* 278 N.C. 80, 178 S.E. 2d 809 (1971) ; *State v. Hicks,* 241 N.C. 156, 84 S.E. 2d 545 (1954) ; *State v. Smith,* 24 N.C. App. 316, 210 S.E. 2d 266 (1974).

Since the case goes back for a new trial we need not consider the remaining assignments of error.

New trial.

Judges BRITT and VAUGHN concur.