STATE OF NORTH CAROLINA v. RONALD RAVONE JONES

No. 88

(Filed 7 March 1977)

1. **Criminal Law § 57— armed robbery — evidence about pistol — no expression of opinion — evidence properly admitted**

   In a prosecution for armed robbery, the trial court did not err in denying defendant's motion to strike all testimony of a police officer concerning the mechanical operation of a pistol which defendant threw down at the time of his arrest, since the officer was not expressing an opinion but was testifying from personal observation; and in light of all the evidence tending to establish the use or threatend use of a firearm, whereby the life of a person was endangered or threatened, any possible error in the admission of testimony concerning the type of gun used was harmless beyond a reasonable doubt.

2. **Criminal Law § 168— identity of defendant — brief jury instructions — no prejudice to defendant**

   In an armed robbery prosecution where the defendant's identity was fully established by the circumstances under which he was captured and the loot taken from him at that time, any error of the trial court in its brief summation of a witness's identification of defendant was inconsequential and in nowise prejudicial to defendant.

DEFENDANT appeals from judgment of *Seay, J.,* 1 December 1975 Session, FORSYTH Superior Court. This case was docketed and argued as case No. 138 at the Fall Term 1976.

Defendant was tried on a bill of indictment, proper in form, charging him with the armed robbery of an ABC store in Winston-Salem on 6 October 1975.

The State's evidence tends to show that on 6 October 1975 Jimmy Lee Adams and Ralph E. Ware were employees on duty at ABC Store No. 10 in the Parkview Shopping Center in Winston-Salem. At approximately 8:35 p.m. two black males with pistols entered the ABC store, each wearing a colored stocking over his head. They jumped the counter and demanded the money in the cash registers and the safe. One of them struck Jimmy Lee Adams in the face with a pistol, breaking his nose. They took approximately $2,000 from the safe, $32 from the personal wallet of Jimmy Lee Adams, and a sum of money from Ralph E. Ware. The robbers were in the store approximately fifteen minutes.

Police Officer J. D. Wheeling observed two black males emerge from the ABC store. Neither was wearing a mask and both were carrying items in their hands. The two subjects fled around the back of the store building and were pursued by Officer Wheeling, Officer A. S. Gill and Officer D. L. Walker. Officer Wheeling rounded the corner of the building, overtook defendant Ronald Ravone Jones, raised his weapon and commanded defendant to throw down his pistol. Defendant did so and was handcuffed. The pistol was retrieved and offered into evidence as State's Exhibit 3.

Meanwhile, Officers Gill and Walker pursued the other robber and, after an exchange of shots during which the robber was felled, captured him. His name was Norman Bishop. This man was armed with a .22 caliber pistol. The gun was loaded with live cartridges and contained two spent shells. The cartridge underneath the firing hammer had an indentation on the edge of it.

The sum of $232 was taken off the person of defendant Jones. When apprehended, he threw down a nylon stocking containing $1839. This money was offered in evidence as State's Exhibit 13.

Defendant offered no evidence.

The jury convicted defendant of armed robbery as charged in the bill of indictment, and the court adjudged that defendant be confined in the penitentiary for a term of not less than forty

years nor more than life with credit for time served pending trial. Defendant appealed to the Court of Appeals and, in view of the sentence imposed, we ordered the case transferred to the the Supreme Court for initial appellate review.

*Rufus L. Edmisten, Attorney General, by J. Michael Carpenter, Associate Attorney, for the State.*

*Berrell F. Shrader, attorney for defendant appellant.*

HUSKINS, Justice.

[1]  Defendant first assigns as error the denial of his motion "to strike all testimony" of Police Officer C. W. Crawley concerning the pistol defendant threw down at the time of his arrest.

Officer Crawley testified that it appeared defendant had attempted to fire the gun. Objection to that statement was sustained after which the following testimony was elicited:

"Q. Mr. Crawley, can you testify whether that weapon is a center fire weapon or a rim fire.

A. A rim fire.

Q. And what do you mean by that?

A. When the hammer falls, it falls on· the rim of the cartridge or shell to explode or ignite it.

MR. SHRADER: I move to strike all testimony concerning the logistics [sic] of the gun.

THE COURT: Overruled.

DEFENDANT'S EXCEPTION NUMBER ONE

Q. And if you would look at one of the shells which you identified further earlier as having a marking on it, would you describe the location of that marking.

A. It is on the edge of the shell casing.

Q. Would that be indicative of a rim fired weapon or a center fire weapon.

A. A rim fire."

Defendant contends that, absent a finding that the witness was an expert in the mechanics of firearms, the testimony of

Officer Crawley relative to the mechanical operation of the weapon should have been stricken. He further contends he was prejudiced by failure to strike the testimony in that it placed before the jury evidence that the robbery was accompanied by an overt act of violence. We find no merit in this assignment.

While defendant's motion is couched in obscure language, apparently he moved to strike all the testimony of Officer Crawley on the theory that a witness must be an expert in the mechanical operation of firearms before he is qualified to testify whether a particular weapon is center fire or rim fire. The record in this case reveals that Officer Crawley was not expressing an opinion but testifying from personal observation. He had already testified without objection that State's Exhibit 3 was a rim fire weapon. Be that as it may, however, and assuming *arguendo* that defendant's motion to strike should have been allowed, it is incumbent upon him to show "error positive and tangible, that has affected his rights substantially and not merely theoretically, and that a different result would likely have ensued." *State v. Cross,* 284 N.C. 174, 200 S.E. 2d 27 (1973). Here, it is clear beyond a reasonable doubt that the alleged error to which this assignment is addressed resulted in no prejudice to defendant.

G.S. 14-87 (Cum. Supp. 1975), the statute under which defendant was charged, requires, among other things, that a robbery be accomplished by the use or threatened use of a firearm or other dangerous weapon whereby the life of a person is endangered or threatened. *State v. Lee,* 282 N.C. 566, 193 S.E. 2d 705 (1973) ; *State v. Bailey,* 278 N.C. 80, 178 S.E. 2d 809 (1971). While the controverted testimony of Officer Crawley would permit the jury to find that the robbery was accomplished by the use or threatened use of a firearm using rim fired ammunition, other testimony in the record, admitted without objection or contradiction, points overwhelmingly to the use of firearms by the robbers. We see no reasonable possibility that the verdict of the jury would have been different had the challenged testimony been excluded.

Evidence elicited from the store employees reveals that defendant and his companion entered the ABC store and defendant, armed with a .22 caliber pistol, forced Ralph Ware to empty the contents of the cash drawer. Defendant then warned Ware that if he moved his head again Ware would be "blown

away." Defendant's companion forced Jimmy Adams to attempt to open the safe and struck Adams on the nose with a pistol. When Adams could not open the safe, defendant's companion hit him again in the back of the head. Furthermore, testimony by various other officers tends to show that while the robbers were being apprehended and during their flight, defendant's accomplice fired several shots at the police.

In light of all the evidence tending to establish the use or threatened use of a firearm, whereby the life of a person was endangered or threatened, any possible error in the admission of testimony concerning the type of gun used was harmless beyond a reasonable doubt. *Schneble v. Florida,* 405 U.S. 427, 31 L.Ed. 2d 340, 92 S.Ct. 1056 (1972); *Fahy v. Connecticut,* 375 U.S. 85, 11 L.Ed. 2d 171, 84 S.Ct. 229 (1963); *State v. Taylor,* 280 N.C. 273, 185 S.E. 2d 677 (1972); *State v. Barbour,* 278 N.C. 449, 180 S.E. 2d 115 (1971); *State v. Williams,* 275 N.C. 77, 165 S.E. 2d 481 (1969). Defendant's first assignment is overruled.

[2] Defendant's second assignment of error relates to a portion of the charge in which the trial judge stated the contentions of the parties. The portion challenged reads as follows: "Mr. Adams can identify the short man that was there and that short man is the defendant, Ronald Ravone Jones. . . . " Defendant contends this brief summation of defendant's identification ignores other aspects of the testimony of the witness Adams where he said, on further cross-examination: "All that I can remember was that the shorter of the two boys in the robbery had a moustache and that he was black. No, I cannot remember any other details of his facial appearance."

Defendant concedes that the witness positively stated, on four separate occasions in his testimony, that he identified defendant as the shorter of the two robbers. He argues, however, that in light of the later qualifications in his testimony, it was incumbent upon the trial judge to incorporate those qualifications in the charge to the jury.

There is no merit in this assignment. An inadvertance in recapitulating the evidence and the contentions of the parties must be called to the attention of the court in time for correction before the jury retires. After verdict, the objection comes too late. *State v. McAllister,* 287 N.C. 178, 214 S.E. 2d 75 (1975); *State v. Lamplkins,* 286 N.C. 497, 212 S.E. 2d 106

(1975) ; *State v. Henderson,* 285 N.C. 1, 203 S.E. 2d 10 (1974) ; *State v. Black,* 283 N.C. 344, 196 S.E. 2d 225 (1973) ; *State v. Gaines,* 283 N.C. 33, 194 S.E. 2d 839 (1973) ; *State v. Virgil,* 276 N.C. 217, 172 S.E. 2d 28 (1970). In any event, the error alleged here is inconsequential and in nowise prejudicial to defendant. His identity was fully established by the circumstances under which he was captured and the loot taken from him at that time. This assignment is overruled.

Prejudicial error not having been shown, the verdict and judgment must be upheld.

No error.